**In re Ruthie M. DENNIS.**

**Bankruptcy No. B–93–06722–PHX–RTB.**

United States Bankruptcy Court,
D. Arizona.

Feb. 24, 1994.

Michael P. Lane, Brandes, Lane & Joffee, P.C., Phoenix, AZ, for trustee.

Duane Varbel, Duane Varbel & Associates, Phoenix, AZ, for debtor.

Richard Brooks, Trustee, Phoenix, AZ.

REDFIELD T. BAUM, Sr., Bankruptcy Judge.

Before the court is the trustee's motion for determination that the debtor's obligation for post-petition payment of pre-petition attorney's fees be discharged and for disgorgement to the debtor of unreasonable sums paid. Debtor's counsel opposes the motion.

### FACTS

Ruthie M. Dennis ("Dennis") signed her chapter 7 petition on June 4, 1993 and it was filed on July 2, 1993. Her schedules and statement of affairs reflected assets of $8,650.00, consisting of a car and certain household items, and liabilities of $21,207.00.

Debtor's counsel, Duane Varbel & Associates (Varbel), filed its statement pursuant to Bankruptcy Rule 2016 which stated (1) compensation paid or to be paid of $1500.00, (2) unpaid attorney's fees of $1500.00, (3) "the vast majority of our clients are without funds with which to hire an attorney, unless the attorney will accept monthly payments. Our firm will accept monthly payments, with no money down for the attorney fees, and can usually file the bankruptcy petition within three to five days" and (4) "the undersigned has not shared or agreed to share with any other person, other than with members of the undersigned's law firm, any compensation paid or to be paid except as follows:."

The trustee asserts that Varbel spent little time on this matter (estimated to be approximately 3 hours), did not accurately complete the filing documents including, but not limited to not disclosing the debtor's fee obligation to Varbel and not disclosing assets held by the debtor. The trustee found the undisclosed facts at the debtor's examination pursuant · to Bankruptcy Rule 2004 which Varbel did not attend despite notice of the examination.[1] The record indicates that the debtor did have non-exempt assets which were not listed in the schedules. The trustee asserts that because of the full cooperation of the debtor, the nondisclosure of these assets can not be the fault of the debtor. At the 2004 examination, the debtor testified that

she had signed a "note" to Varbel for the payment of the $1500.00. At the hearing, the "note" was provided to the court. (see Exhibit A hereto).

The agreement, it is not a promissory note as defined by the Arizona Uniform Commercial Code (see ARS 47–3104), obligates the debtor to pay Varbel eight monthly payments of $187.50 beginning on May 30, 1993. Although not disclosed in his 2016 Statement, according to Varbel, the agreement is assigned to a third party for some amount of consideration to Varbel.

### DISCUSSION

1. Disclosure Of Fee Agreements

■ The *Bankruptcy Code* and the *Bankruptcy Rules* impose certain obligations on debtors' attorneys. Section 329 of the Code requires that any attorney representing a debtor shall file a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for service rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation. That section further provides that if the compensation exceeds the reasonable value of any such service, the court may cancel any such agreement or order the return of any such payment, to the extent excessive, to (a) the estate if the property transferred would have been property of the estate or was to be paid by the debtor under a plan under chapter 11, 12 or 13 or (b) the entity that made such payment. *Bankruptcy Rule 2016* requires every attorney for a debtor to file the statement required by Section 329 including whether the attorney has shared or agreed to share the compensation with any other entity, the particulars of any such sharing or agreement to share by the attorney excluding any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm is not required. The statement must be supplemented within fifteen days after any payment or agreement not previously disclosed.

---

1.  The trustee states that the debtor was advised that the examination could be postponed so she could confer with counsel or she could call her attorney but the debtor wanted to proceed..

Payments to a debtor's attorney provide serious potential for both evasion of creditor protection provisions of the bankruptcy laws and overreaching by the debtor's attorney. 2 *Collier on Bankruptcy* 329.01 @ 329–2 (15th ed. 1993).

Varbel's 2016 statement *may*, giving him the benefit of the doubt, disclose the compensation agreed to be paid and the source for such payments. However, the statement submitted is a form statement, little attention was paid to completing that statement and the spirit of the Code and Rules required more definitive disclosure than was provided by Varbel. More importantly, the statement asserted that Varbel has not shared or agreed to share with any other person any compensation paid or to be paid. Based upon the record before the court, more disclosure is required, in part, because it appears that the transfer of the debtor's agreement by counsel is contemplated from the outset of the attorney client relationship. Simply put, the disclosure made by Varbel is not in compliance with the spirit of either Section 329 or Rule 2016. Also, again it appears that the assignment by counsel to the third party includes some charge by that third party to counsel for this apparent financing.[2] Whatever the arrangement is, it should have been, and will be, disclosed in the 2016 statement.

Therefore, Varbel shall file a supplemental 2016 statement with the court complying with all disclosure required under Section 329 and Rule 2016. Further, and not by way of limiting the disclosure required by the Code and Rules, such disclosure shall fully disclose the agreement between Varbel and the holder of the debtor's agreement, the consideration transferred to Varbel by such third party for the assignment of the agreement and all other particulars regarding that transaction as required by the Bankruptcy Code and Rules.

2. Reasonableness Of The Fees Charged

■ The court next considers whether the fee charged by Varbel exceeded the reasonable value of the services provided, re-

quiring canceling of the agreement and return of the payments made as provided in Section 329(b). The only assets listed by the debtor were personal property of $650.00 and a car valued at $8000.00. Two secured creditors were listed in schedule D, schedule E listed only the IRS for $2100.00 and schedule F listed 18 unsecured creditors with total claims of $15,766.40. Excluding the statement none, the statement of affairs answered two of 21 questions. It could not have taken much time to either gather the information or complete the schedules and statement of affairs. That time, plus, the appearance at the first meeting of creditors is the only work by debtor's attorney. Debtor's attorney did not appear at the 2004 examination to represent its client. The schedules did not list all of the assets of the debtor which the debtor disclosed at the 2004 examination. The schedules and statement of affairs are one of the most important duties of the debtor's attorney. 3 *Collier on Bankruptcy* 521.03 (15th ed. 1993). Varbel failed to perform this duty.

Based upon this record, the court finds that $1500.00 charged by Varbel exceeded the reasonable value of the services provided to the debtor. Therefore, pursuant to the provisions of Section 329(b) the agreement between the debtor and Varbel is canceled. Varbel shall forthwith return the original agreement to the debtor and notify the debtor in writing that pursuant to the ruling of this court no further payment will be paid by the debtor to Varbel. Varbel shall file a certificate of compliance with this court showing the return of the agreement and the notification required by the court.

This decision is without prejudice to Varbel's right to file a fee application, as contemplated by the Bankruptcy Code, seeking reasonable compensation for the services provided to Dennis.

3. Nondisclosure Of These Fee Arrangements Appears To Be An Ongoing Course of Conduct

■ The record before this court shows that these events, specifically the deferred

---

**2.** The Arizona Rules of Professional Conduct, ER 5.4 provides that a lawyer or law firm shall not share legal fees with a nonlawyer with some exceptions which are not applicable here.

payment/no money down fee arrangement and the lack of required disclosure, are not occurrences isolated to only this case. Rather, although the magnitude of these events is not clear, it appears that such events are occurring with some degree of regularity in the bankruptcy cases in this District. This court can not simply ignore that reality in dealing with the issues now before it. The fact that the information is not known is a direct result of counsel's failure to make the very disclosure of the facts regarding the fee arrangements which the law mandates counsel to disclose. Such conduct, excess attorney's fees and/or nondisclosure of fee arrangements, is exactly the type of conduct Section 329 and Bankruptcy Rule 2016 were designed to preclude. This court is compelled to establish appropriate means to insure that such improper actions as may have occurred are rectified and that any such actions will not occur again.

Therefore, in all open bankruptcy cases where Varbel or any successor in interest thereto is/was counsel for the debtor, Varbel and his successor shall file the necessary pleadings to provide the disclosure of the fee agreement with any debtor mandated by the Bankruptcy Code and Rules. Varbel and any successor shall file a report (the "Report") to this court in this case identifying all such cases (by name and case number) and certifying that the required documents have been filed. Such filings and Report shall be filed no later than March 31, 1994.

### ORDER

For the reason set forth above, IT IS ORDERED, that Duane Varbel and Duane Varbel & Associates together with any successor attorney of record in this case shall, file in this case an amended Statement under Bankruptcy Rule 2016 within 10 days from the date of this Order;

IT IS FURTHER ORDERED that the written fee agreement between Varbel and Ruthie M. Dennis, the debtor herein, dated April 14, 1993, is void and unenforceable by Varbel or any assignee;

IT IS FURTHER ORDERED that Varbel shall pay or cause to be paid to Dennis an amount equal to all payments made by Dennis under that agreement or for legal fees regarding this case;

IT IS FURTHER ORDERED that Varbel shall forthwith notify Dennis in writing that he must pay or cause to be paid to her all amounts paid under the agreement for legal fees in this case;

IT IS FURTHER ORDERED that Varbel and any successor shall file the Report with this court in this case no later than March 31, 1994 and certify therein that the disclosure in these other cases now meets the requirements of the Code and Rules. Failure to file such report will result in sanctions against Varbel and any successor to Varbel.

IT IS FURTHER ORDERED that the court will have a hearing regarding such report, in Hearing Room # 4, Fifth Floor, United States Courthouse, 230 North First Avenue, Phoenix, Arizona, on the 6 day of April, 1994 at 10:00 A.M.; Varbel and any successor shall be present at that time to report to the court on their compliance with this Order.

### EXHIBIT A

### DUANE VARBEL & ASSOCIATES

### LAW FIRM

### MIDWAY PLAZA, SUITE 112

### 750 GRAND AVENUE

### PHOENIX, ARIZONA 85007

### (602) 340–8888

### FAX: 256–6820

Duane Varbel & Associates (hereinafter Attorney) and

Ruthie Dennis

(hereinafter Client) hereby agree as follows:

Client agrees to retain Attorney for the purpose of preparing a Chapter 7 Bankruptcy for Client. Client agrees to pay Attorney's fees in the amount of $1500.00, plus filing fee of $150.00 for a total of $1650.00, to be paid to Attorney.

Attorney agrees to represent Client in the above matter for stated fee and costs.

The above Attorney fees may be reduced pursuant to Rule 2016(b) of the Bankruptcy Rules.

*PAYMENTS:* filing fee April 30, 1993

Client's Attorney Fees in the amount of $1500.00 shall be paid in eight (8) equal, consecutive, monthly payments of $187.50 per month, commencing on the 30 day of May, 1993, and continuing on the 30 day of each month thereafter until paid in full.

Should the Client default in the payment of any installment hereunder, Client shall pay all actual and reasonable costs of collection and reasonable Attorney Fees incurred.

Dated this 14 day of April, 1993.

/s/ Ruthie M. Dennis
Client

/s/ Duane Varbel
For Duane Varbel & Associates