In re Thomas A. SYMES and
Eva J. Symes, Debtors.

In re Larry A. SENEY, Debtor.

In re Thomas David MONTGOMERY, Jr.
and Jessica Jeanne Montgomery,
Debtors.

In re Russell Thurman BROOKS, Jr. and
Patricia Lynnell Brooks, Debtors.

In re Clint WILBURN and Kimberly
Wilburn, Debtors.

In re Jose HERNANDEZ, Debtor.

In re Daniel F. ROSALES and
Lethia A. Rosales, Debtors.

Bankruptcy Nos. B–94–00271–PHX–GBN,
B–94–00940–PHX–GBN, B–94–0999–
PHX–GBN, B–94–00708–PHX–GBN, B–
94–01327–PHX–GBN, B–94–01216–PHX–
GBN and B–94–00259–PHX–GBN.

United States Bankruptcy Court,
D. Arizona.

Oct. 20, 1994.

■■■■■■■■

Hugh W. Hull, Phoenix, AZ, for debtors.

Christopher J. Pattock, Atty. Advisor, United States Trustee, Phoenix, AZ.

## ORDER

GEORGE B. NIELSEN, Jr., Chief Judge.

In the above cases, the United States Trustee has challenged fee practices employed by counsel for the consumer debtors. Either Manning and Associates ("Manning") or Hessinger & Associates ("Hessinger"), represented debtors in the Chapter 7 bankruptcies. Counsel argue their post-petition receipt of fees based on pre-petition retainer agreements, including cashing checks obtained pre-petition, does not violate the automatic stay. 11 U.S.C. § 362(a). Counsel also urge the retainers are not dischargeable in bankruptcy. 11 U.S.C. § 727(b). Another court has described this argument as "patently meritless" and "completely baseless." *In re Hessinger & Associates,* 165 B.R. 657, 658–59 (Bankr.N.D.Cal.1994). This Court concludes the retainer agreements are pre-petition debts dischargeable upon entry of discharge. Respondents are enjoined from further collection activities by the express terms of sections 362(a), 524(a) and by this order.

## I

■ The issue is whether retention agreements, that require clients pre-petition to execute post-dated checks to be cashed post-petition, or that require execution of a pre-petition promissory note to be collected post-petition, constitute a dischargeable claim subject to the automatic stay.

Under section 727(b), except as provided under section 523, a debtor is discharged from all debts that arose before the date of the order for relief . . ., any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim . . . is filed

. . ., and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

■ Thus, to be dischargeable, the retention agreements must be a debt or claim that arose pre-petition.

■ A claim includes a right to payment, whether or not liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured. 11 U.S.C. § 101(5)(a). A debt is broadly defined as liability on a claim. 11 U.S.C. § 101(12); *Kelly v. Robinson,* 479 U.S. 36, 50 n. 12, 107 S.Ct. 353, 361 n. 12, 93 L.Ed.2d 216 (1986).

Counsel raise various theories why their agreements are not dischargeable. This Court disagrees.

■ The Manning firm argues 11 U.S.C. § 329 and Rule 2016, Fed.Bankr.R., indicate the retention contracts are nondischargeable. Section 329(a) requires that an attorney disclose compensation paid or agreed to be paid within a year of the bankruptcy for services in the case. This provision protects against withholding assets from the estate or over-reaching by debtor's attorney. *Yermakov v. Fitzsimmons (In re Yermakov),* 718 F.2d 1465, 1470 n. 8 (9th Cir.1983), *In re Dennis,* 164 B.R. 318, 320 (Bankr.D.Ariz.1994).

Rule 2016(b) provides counsel shall file these disclosures early in the case. A supplemental statement must be filed within 15 days after any payment or agreement not previously disclosed. *Supra.*

■ Section 329 and Rule 2016 do not override the discharge afforded by section 727(b) and protected by the permanent injunction of section 524(a). Instead, these provisions enable the Court to monitor the relationship between debtor and counsel. They protect the integrity of the system by making it difficult to shield assets and prevent misconduct. *Yermakov, supra,* at n. 8.

Section 329(a) provides that counsel must file a statement of compensation paid or agreed to be paid for services in the case. Manning argues this provision separates bankruptcy fees from nonbankruptcy fees.

As to the latter, Manning agrees such fees are in no better position than any other pre-petition creditor.

■ This analysis is certainly correct as to pre-petition nonbankruptcy legal fees. *See Yermakov*, 718 F.2d at 1470-71. However, the fact that legal services were contemplated to be rendered in the bankruptcy case by the pre-petition contract will not transform pre-petition debt into nondischargeable debt, simply because the arrangement must be disclosed. With the many enumerated statutory exceptions to discharge, if Congress intended that pre-petition fee arrangements were nondischargeable, it would have so provided. *See* § 523(a).

## II

■ A second argument flows from counsels' reading of Rule 1006(b)(1), Fed. Bankr.R. That rule provides a debtor may pay the filing fee in installments. To qualify for installment payments, there must not have been either previous payments or property transfers to an attorney for bankruptcy services. *Supra.*

The rule's prohibition is straightforward. When the filing fee is paid in installments, debtor must not have paid the attorney. Nor can debtor pay counsel until the filing fee is satisfied. Rule 1006(b)(3). This ensures filing fees are paid first. It does not mean this rule trumps the scope of sections 727(b) and 524.

## III

■ There are legitimate and important public policy concerns in this dispute. No one wishes that indigent debtors are denied counsel because they lack a retainer. This problem, however, does not elevate the lawyer to special status as holder of a nondischargeable claim.

The obligation to serve the client who cannot afford legal assistance is the profession's responsibility, grounded in ethical canons and rules. For example, in establishing the emeritus attorneys pro bono participation program, Rule 39(1) of the Rules of the Arizona Supreme Court, provides that attorneys have a responsibility to provide competent legal services for those unable to pay. *See also* Voluntary Pro Bono Publico Service, Arizona Rules of Professional Conduct at ER 6.1(a).

■ In addition to ethical obligations to serve the indigent, the Bankruptcy Code itself provides a method for payment of pre-petition debt. Sections 524(c) and 524(d) set parameters for reaffirmation of dischargeable debt. Clearly, debtors could reaffirm these fee agreements. Given the special attorney-client relationship, however, such a reaffirmation would require detailed notice and disclosure. This reaffirmation burden is no more onerous, however, than that imposed on a Chapter 11 debtor's counsel seeking post-petition appointment or fee approval. *See* Rules 2014(a), 2016(a). To allow reaffirmation, debtor must be told in plain, conspicuous, written terms that the fee is dischargeable. Although public policy concerns are important, they cannot gloss the clear mandates of the code.

## IV

■ A fourth argument alleges the pre-petition agreement is not dischargeable because it is subject to a condition precedent: the petition's filing. Before filing the case, counsel assert they could not enforce fee contracts since the legal work is not performed. In short, Manning asserts he has "no pre-petition right to payment."

This misconstrues the scope of a bankruptcy claim. It is difficult to see how a condition precedent is different from a contingent claim. The latter comes within the definition of claim. 11 U.S.C. § 101(5)(A). Manning asserts the former does not.

■ A debt is contingent if debtor must pay only upon the happening of an extrinsic event. *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306 (9th Cir.1987); *Loya v. Rapp (In re Loya)*, 123 B.R. 338, 340 (9th Cir. BAP 1991).

That is the relationship between these parties. Counsel holds a claim, although it may be contingent until the petition is filed. Calling this contingency a "condition precedent" is semantics.

Manning seizes on the right to payment theory espoused by the Third Circuit in *Avellino & Bienes v. M. Frenville Co., Inc. (In re M. Frenville Co., Inc.),* 744 F.2d 332 (3d Cir.1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). That case held courts generally look to state law to determine when a right to payment arises. *Id.* at 337. Based on New York law, a claim for contribution or indemnification arose post-petition, when payment was made on the judgment, although the wrongs on which indemnification is based occurred prepetition. *Id.*

*Frenville* has been criticized by our Bankruptcy Appellate Panel. The *Frenville* court, it was held, confuses a bankruptcy right to payment with the accrual of a cause of action under state law. *Jensen v. California Department of Health Services (In re Jensen),* 127 B.R. 27, 30–31 (9th Cir. BAP 1991), *aff'd,* 995 F.2d 925 (9th Cir.1993). Under *Frenville* the Panel could perceive no difference between claims inside or outside bankruptcy. Such an interpretation was held to be unwarranted under the statutory definition of claim, which includes contingent and unmatured rights. *Id.* 127 B.R. at 31.

■ The same analysis applies here. The fact creditor may hold a contingent right to payment until filing the petition does not mean counsel holds a post-petition claim. Holding otherwise undercuts the fresh start provided in section 727(b) and ignores the plain meaning of the statutory definition of claim and debt. 11 U.S.C. §§ 101(5)(A), 101(12).

■ Finally, Manning argues because payment was to occur by post-dated checks, the claim, if any, arises when the checks are dishonored. Reply at 4. To the contrary, Manning's claim arises when the agreement is signed, not when payment is made. *Hessinger, supra,* 165 B.R. at 659.

V

This Court is aware of a contrary conclusion in *In re Mills,* 170 B.R. 404 (Bankr. D.Ariz.1994). *Mills* concluded that since a consumer debtor's pre-petition attorney fee contract is subject to the disclosure, disgorgement and cancellation powers in section 329, it was not discharged in Chapter 7. *Id.* at 410–12.

■ *Mills* perceives an irreconcilable conflict among the regulatory provisions of 11 U.S.C. § 329, Rules 2016 and 2017, the broad discharge of § 727(b) and lack of a specific exception of such fees from discharge in § 523(a). *Id.* at 410. Respectfully, I see no conflict.

First, it is clear section 329 applies to all major chapters of the Code, including Chapters 7, 11 and 13. 11 U.S.C. § 103(a). It regulates attorneys' dealings with all manner of debtors, be they individuals, corporations or partnerships, proceeding in liquidations, Chapter 13 debt adjustments or Chapter 11 reorganizations. Because of this wide applicability, section 329 must have broad parameters, covering circumstances far beyond the pre-petition retainer of a Chapter 7 debtor's counsel.

It is true that if a pre-petition Chapter 7 retainer agreement is dischargeable, there is no need to review it under the cancellation provisions of section 329(b).[1] That does not mean this provision has no utility in other circumstances.

Section 329(b) also authorizes judicial review of pre-petition fees paid Chapter 11 debtor's counsel and claims which are treated in Chapter 11 and 13 plans. Accordingly, I respectfully disagree with *Mills'* observation that "(t)he 'cancellation' provisions of section 329(b) are meaningless if Congress intended the obligations to be automatically discharged." *Id.* at 411–12.

It is important to recall the Code provides additional tools, other than section 329(b), for review of contractual obligations of the debtor to the attorney. If, in an asset case, counsel files a claim for a fee obligation, the fees may be disallowed "to the extent that it exceeds the reasonable value of services rendered by the attorney." *Yermakov, supra,* at 1471. Specifically, under 502(b)(4), if an

---

1. Of course, if this pre-petition contract is reaffirmed by the liquidation debtor, the review and cancel power of section 329(b) may again become important in the case.

objection is filed, a claim may be disallowed "for services of an ... attorney of the debtor, [if] such claim exceeds the reasonable value of such services." *See also Matter of 268 Ltd.*, 789 F.2d 674, 677 (9th Cir.1986).

Fortunately, abuse in Chapter 7 pre-petition bankruptcy retainer agreements is rare. Sadly, it happens. *Mills* eloquently describes abuse of debtors by two separate law firms. *Id.* at 405–07. Another Arizona case has recently identified abuse involving a different consumer debtor. *In re Dennis,* 164 B.R. 318 (Bankr.D.Ariz.1994).[2]

The fact of occasional abuse reinforces the undesirability of a blanket ruling all such pre-petition debt is non-dischargeable, unless a busy United States Bankruptcy Judge, after conducting a section 329 hearing, rules to the contrary. It is far better to read the Code as written. Finding no express provision by Congress for non-dischargeability in either section 523 or 727, we should not read it into section 329, which is clearly not a discharge section.

Consumer debtors' attorneys who wish to represent debtors under "zero down" cases in Chapter 7 need not despair. The post-petition services they render in defending exemptions and debtors' discharges, assisting debtors at the first meeting of creditors and providing support in dealings with the trustee and aggressive creditors are vital. Any well informed debtor will be well advised to continue the relationship in an early reaffirmation. Most will choose to do so, as they do in Chapter 11 and 13. If the post-petition services go beyond the scope of the pre-petition retention agreement, any well-informed debtor would enter into an amended retention agreement to continue the relationship. Of course, such counsel is again subject to disclosure requirements.

## VI

The fee agreements are dischargeable and subject to the discharge injunction. The fact they are unlisted on the schedules is not relevant. There is nothing

in section 727 addressing the scheduling of claims. A prebankruptcy debt is discharged, whether or not listed. Unless section 523 dictates otherwise, every prepetition debt becomes discharged under section 727. *Beezley v. California Land Title Co. (In re Beezley),* 994 F.2d 1433, 1435 (9th Cir.1993) (O'Scannlain, J., concurring).

**2.** I also respectfully dissent from *Mills'* apparent belief *Dennis* supports the conclusion pre-petition legal fees are dischargeable. *Id.* at 412. Although dischargeability was apparently raised by the U.S. Trustee in *Dennis,* 164 B.R. at 319, it was unaddressed by that court, who resolved the dispute by application ·of section 329(b). 164 B.R. at 319–20.