HUG, Chief Judge:
Chapter 7 of the Bankruptcy Code (the “Code”) provides for the discharge of all the debtor’s pre-petition debts save those expressly excepted from discharge by the Code. In this case we must decide whether an installment contract for pre-petition legal services, which calls for all fee payments to be made post-petition, is dischargeable under 11 U.S.C. § 727. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We hold that the fee agreement at issue creates a pre-petition debt, which is dischargeable under the Code.

FACTS

Jennifer Biggar, Donna Martinez and Martin Clark each retained Hessinger and Associates (“Hessinger”) to represent them in their respective liquidation proceedings. Hessinger and each debtor entered into a fee agreement which specified that payment for pre-petition services was to be made in monthly installments after the petition was filed.
The United States Trustee (the “Trustee”) moved for review of Hessinger’s fees. In ruling on the Trustee’s motion, the bankruptcy court first determined that the debts arising from Hessinger’s pre-petition services constituted pre-petition claims. The court then held that these claims were discharged along with the debtoi’s’ other pre-petition debts.
*687 Hessinger’s appeal was heard by the United States District Court for the Northern District of California. The district court affirmed the decision of the bankruptcy court, concluding that the debts were discharged. Hessinger appealed to this court.

ANALYSIS

We review a district court’s decision on appeal from the bankruptcy court de novo. Friedkin v. Sternberg (In re Sternberg), 85 F.3d 1400, 1404 (9th Cir.1996). We review the bankruptcy court’s factual findings for clear error and its legal conclusions de novo. Feder v. Lazar (In re Lazar), 88 F.3d 306, 308 (9th Cir.1996). Whether a pre-petition installment contract for legal services rendered in contemplation of bankruptcy is discharged presents a question of law reviewed de novo. See Robertson v. Alsberg (In re Alsberg), 161 B.R. 680, 682 (9th Cir. BAP 1993) (bankruptcy court’s interpretation of Code is a question of law reviewed de novo), aff'd, 68 F.3d 312 (9th Cir.1995), cert. denied, - U.S. -, 116 S.Ct. 1568, 134 L.Ed.2d 667 (1996).
Hessinger contends that the debts at issue in this case&emdash;debts for attorneys’ fees incurred in filing a Chapter 7 case&emdash;are not dischargeable in bankruptcy. Hessinger proffers several arguments in support of this proposition. These arguments, however, boil down to two basic contentions: (1) that 11 U.S.C. § 329 and Federal Rules of Bankruptcy Procedure (“Rules”) 2016 and 2017 (collectively the “disclosure provisions”) provide for review and cancellation of post-petition payments to the debtor’s attorney and, therefore, conflict with 11 U.S.C. §§ 523 and 727 (the “discharge provisions”); and (2) that holding such debts dischargeable undercuts the Code’s fresh start policy. Before addressing Hessinger’s arguments, we summarize the Code’s pertinent provisions.
We turn first to the discharge provisions. Section 727 provides a general rule for determining when it is appropriate to discharge the debtor’s pre-petition debts. 11 U.S.C. § 727. Section 523 lists eighteen types of debts that are not discharged, even if a discharge is appropriate under § 727. 11 U.S.C. § 523(a). Nowhere in § 523 is there a provision that excepts debts for attorneys’ fees incurred in preparing bankruptcy petitions.
The plain language of the discharge provisions thus is clear. All of the debtor’s pre-petition debts, save those listed in § 523, are discharged in a Chapter 7 proceeding. Section 523 does not except pre-petition attorneys’ fees from discharge. Despite the applicability of § 727 to the case at hand and the absence of an exception for pre-petition attorneys’ fees, Hessinger contends that the obligations owed to it were not discharged. Hessinger maintains that the discharge provisions must be interpreted in light of the disclosure provisions.
The disclosure provisions require that the debtor’s attorney disclose both the amount of fees paid or agreed to be paid and the source of those payments. 11 U.S.C. § 329. Section 329(b) provides the court with the authority to evaluate the reasonableness of the fee arrangement. 11 U.S.C. § 329(b); Yermakov v. Fitzsimmons (In re Yermakov), 718 F.2d 1465, 1470 n. 8 (9th Cir.1983). If the court finds the fee agreement unreasonable or excessive, it may order disgorgement or cancel future payments. 11 U.S.C. § 329(b).
Rules 2016 and 2017 are designed to implement § 329. Fed.R.Bankr.P. 2017 advisory committee’s note (1983); see Fed.R.Bankr.P. 2016 advisory committee’s note (1987). Rule 2016(b) provides
Disclosure of compensation paid or promised to attorney for debtor
Every attorney for a debtor ... shall file and transmit to the United States trustee ... the statement required by § 329____ A supplemental statement shall be filed ... within 15 days after any payment or agreement not previously disclosed.
Fed.R.Bankr.P. 2016(b). Rule 2017 also expressly recognizes that post-petition payments may be made to the debtor’s attorney. That rule provides
Payment or transfer to attorney after order for relief
On motion by the debtor ... the court ... may determine whether any payment of money or any transfer of property ... by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive ... if the payment, transfer, or *688 agreement therefor is for services in any way related to the case.
Fed.R.Bankr.P. 2017(b).
Hessinger asserts that the discharge and disclosure provisions conflict because there is no purpose in post-petition review if the attorneys’ fees are dischargea-ble. The provisions do not conflict, however, because the disclosure provisions also apply to Chapter 11 and 13 cases. In those types of cases, a debtor’s plan might call for post-petition payments to her attorney. Under those circumstances a court may review and, if necessary cancel payments for excessive pre-petition fees. In re Symes, 174 B.R. 114, 118 (Bankr.D.Ariz.1994). A court also may review post-petition payments if a Chapter 7 debtor reaffirms the debt to her attorney. Id. at 118 n. 1. Thus, while the disclosure provisions contemplate examination of post-petition payments to the debtor’s attorney, those provisions can be reconciled with the discharge provisions. In re Martin, 197 B.R. 120, 126-27 (Bankr.D.Colo.1996).
Because the disclosure and discharge provisions can coexist, the plain language of § 523 must be given effect. See Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1018, 104 S.Ct. 2862, 2880-81, 81 L.Ed.2d 815 (1984) (statutory provisions should be given effect where capable of coexistence). Section 523’s failure to except debts for attorneys’ fees from the Code’s discharge provisions leads us to conclude that the debts at issue in this ease are dischargeable. See Gleason v. Thaw, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915) (exceptions to discharge should be confined to those enumerated in Code); see also In re Martin, 197 B.R. 120, 126-27 (Bankr.D.Colo.1996) (analyzing decisions holding that pre-petition attorney fee agreements are dischargeable).
Hessinger’s second argument is that the availability of fee arrangements calling for post-petition payments allows debtors who otherwise would have to proceed pro se, to obtain the assistance of counsel. This policy argument, however, is for Congress. The plain language of the discharge rules precludes Hessinger’s argument. If an exception is to be made, therefore, it should be crafted by Congress.

CONCLUSION

A plain reading of the discharge provisions is that there is no exception for debts arising from pre-petition attorneys’ fees. Because there is no conflict between the discharge and disclosure provisions, the plain meaning of the discharge rules must be given effect. Thus we hold that the debts at issue in this case — debts arising from the provision of pre-petition legal services — are discharge-able in a bankruptcy proceeding.
AFFIRMED.