In re Ronald ROETE, Debtor (Appellee Below).

Ronald ROETE, Appellant,

v.

Charles SMITH and Carol Smith, Appellees.

No. 90–1644.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1990.
Decided July 10, 1991.

---

Edward B. Hopper, II, John M. Rogers, Bamberger & Feibleman, Indianapolis, Ind., for appellees.

Patrick Stern, James C. Clark, Clark, Quinn, Moses & Clark, Indianapolis, Ind., for debtor-appellant.

Before BAUER, Chief Judge, MANION, Circuit Judge, and WILL, Senior District Judge.[1]

BAUER, Chief Judge.

In this appeal, Ronald Roete claims that the district court improperly reversed his award from the bankruptcy court. We disagree. The district court correctly applied the settled law of this circuit, and, therefore, we affirm its judgment.

**I.**

On July 7, Roete delivered a personal check, #2051, drawn in the amount of $700, to his neighbors, Charles and Carol Smith. Roete had become indebted to the Smiths for several vacuum cleaners he had purchased from them. The Smiths tried to cash the check several times, but their bank (the same bank upon which the check was drawn) would not honor Roete's check because of insufficient funds. On September 14, 1987, the Smiths wrote a letter to Roete informing him of various bad checks he had written, including check #2051. Roete made good on these checks, except for #2051. On September 23, 1987, the Smiths contacted the Hamilton County, Indiana, prosecutor's office, but no criminal charges were brought at that time. On March 29, 1988, Roete filed for relief under the Bankruptcy Code, 11 U.S.C. §§ 1–1103 (1979). Roete listed Charles Smith as a creditor on his original schedules.

After the bankruptcy petition was filed, the Smiths again discussed check #2051 with the prosecutor's office. They were advised to present the check to the bank for payment. On October 19, 1988, the Smiths presented check #2051 to the bank, which again refused to cash the check. On March 22, 1989, Mr. Smith signed an affidavit to establish probable cause for the criminal charge of check deception against Roete. It is undisputed that the Smiths were aware of the fact that Roete had filed for protection under the Bankruptcy Code. Subsequently, Roete was arrested, jailed, and released on bond. Roete incurred expenses and attorney's fees in defending himself. Roete then filed, on April 26, 1989, a two-page "Verified Petition for Contempt Citation," charging the Smiths with violating the automatic stay provisions of section 362 of the Bankruptcy Code,[2] and sought damages under section 362(h).[3]

---

**1.** The Honorable Hubert L. Will, Senior Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

**2.** All statutory references herein cited in this form refer to Title 11 of the United States Code.

**3.** 11 U.S.C. § 362(h) reads:

On May 17, 1989, an evidentiary hearing was held before the Honorable Frank J. Otte, United States Bankruptcy Judge. Shortly thereafter, the Smiths filed a post-hearing brief, arguing that their actions were exempt from the Code's automatic stay provision because of the exemption in section 362(b)(1) for the commencement or continuation of criminal proceedings against a debtor. The Smiths alternatively argued that they should not be held in contempt because their actions were taken in good faith and under the direction of the Hamilton County prosecutor's office.

The bankruptcy court held that the Smiths knew of the bankruptcy filing, and, therefore, their violation of the stay was willful. The court rejected the Smiths' argument that section 362(b)(1)'s criminal proceedings exemption was applicable, and found that their bid to cash check # 2051 constituted an attempt to collect a pre-petition debt and a violation of the section 362. The bankruptcy court assessed damages against Smith to the tune of $3,189, consisting of Roete's lost wages, his bond and defense fees, plus the costs of bringing the contempt citation.

The Smiths filed a timely appeal in the United States District Court for Southern District of Indiana, Indianapolis Division. In the district court, the Smiths renewed their argument that their actions in regard to check # 2051 were merely in aid of a criminal prosecution, and, therefore, they fell within the purview of section 362's criminal proceeding exemption. The Smiths also argued that they did not violate the automatic stay provision of section 362 because section 362(b)(11) expressly provides an exception for the presentment of negotiable instruments. This latter argument was not raised before the bankruptcy court; instead, it was argued for the first time on appeal to the district court. In response, Roete argued that the exception

in section 362(b)(11) does not apply because the Smiths "harassed and coerced" Roete with the presentment. Roete relied—and continues to rely—on language contained in *Morgan Guar. Trust Co. v. American Sav. and Loan,* 804 F.2d 1487, 1491 (9th Cir.), *cert. denied* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1986), that suggests that the presentment must be made without coercion and harassment in order for the exceptions of section 362(b) to apply.[4]

On February 21, 1990, the district court reversed the bankruptcy court's award of damages. The district court determined that the Smiths' action in attempting to cash check # 2051 fell within the exception for the presentment of negotiable instruments contained in section 362(b)(11), and thus did not violate the automatic stay. In addition, because it found Roete's brief "wholly inadequate," the district court taxed costs of the appeal to Roete's counsel rather than to Roete himself. Roete timely appealed to this court.

### II.

■ Section 362 of the Bankruptcy Code provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
>
> \*     \*     \*     \*     \*     \*
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. . . .

Without more, the Smiths' act of presenting a pre-petition check to the bank for payment could be considered a willful violation of section 362(a)(6), subjecting them to damages under section 362(h). Yet, in subsection 362(b), Congress has enumerated twelve specific exceptions to the automatic

---

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

**4.** In deciding whether the automatic stay provisions of section 362 prohibited presentment pri-

or to Congress' enactment of subsection 362(b)(11), the Ninth Circuit declared: "Presentment and other requests for payment *unaccompanied by coercion or harassment* do not appear to fall within the prohibitions of [the automatic stay provisions of] section 362(a)." *Morgan,* 804 F.2d at 1491 (emphasis supplied).

stay of section 362(a). Only one of those exceptions is relevant to our decision:

> (b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—
>
> \*     \*     \*     \*     \*     \*
>
> (11) under subsection (a) of this section, of the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument.

11 U.S.C. § 362(b)(11). As the district court appropriately noted, this subsection, which was added by Congress in 1984, was intended to be a clarifying amendment rather than a change in the law. *Morgan,* 804 F.2d at 1492. The legislative history of subsection (b)(11) indicates that Congress wanted to make clear that "the automatic stay is not intended to interfere with the rights of a holder of a negotiable instrument to obtain payment." *Id.* at 1492 n. 5. *See also* B. Weintraub, *Bankruptcy Law Manual* § 1.09(4) (1986) ("[Subsection (b)(11)], permits holders of checks drawn by the debtor to deposit them for the purpose of preserving their rights on the instruments despite the filing of a bankruptcy petition.").

Thus, if the Smiths' actions in attempting to cash check # 2051 properly fall within the purview of subsection (b)(11), then the district court's reversal of the bankruptcy award for Roete must be affirmed. We need only decide whether the Smiths "presented" a "negotiable instrument."[5] First, Article 3, § 504 of the Uniform Commercial Code, codified in Indiana at Ind. Code § 26–1–3–504 (1980), defines "presentment" as a "demand for acceptance or payment made upon the maker, acceptor, drawee, or other payor by or on behalf of the holder." The mere demand for payment constitutes presentment, *see* W. Hawkland, *4 Uniform Commercial Code Series* § 3–504.02 (1988), and the drawee of a check is the bank upon which it

is drawn. *Black's Law Dictionary* 495 (6th ed.1990). Second, Article 3, § 104 of the U.C.C. states that a negotiable instrument is a writing, signed by a maker or drawer, containing an unconditional promise to pay a sum certain, payable on demand or at a definite time, and payable to order or bearer. *See* Ind.Code § 26–1–3–104.

These well-settled principles point to the undeniable conclusion that check # 2051 is a "negotiable instrument" which the Smiths "presented" when they attempted to cash it. Even Roete does not dispute this common sense conclusion. Thus, the district court was correct in concluding that the automatic stay was not violated by the Smiths' presentment of a negotiable instrument. The creditors' actions clearly fall within the plain meaning of section 362(b)(11).

One issue remains: the district court's decision to tax costs of the appeal to debtor's counsel. The district court found on its own motion that Roete's counsel violated Fed.R.Civ.P. 11 and Bankr.R. 9011 by filing a frivolous brief. The court found the brief frivolous "because of its numerous errors and its argument that section 362(b)(11) is not applicable to this case because the creditors harassed the debtor." Roete's counsel argues that Fed.R.Civ.P. 11 and Bankr.R. 9011 are not appropriate grounds for sanctions in bankruptcy appeals and that, therefore, the district court abused its discretion. We disagree. The rules in practice at the time of district court's decision clearly grant the district court broad discretion to assess sanctions on appeal.

Roete's counsel bases his claim on a Ninth Circuit decision, *In re Akros Installations, Inc.,* 834 F.2d 1526 (9th Cir. 1987). In *Akros,* the court held that the Federal Rules of Civil Procedure are explicitly inapplicable to proceedings in bank-

---

**5.** We need not even respond to Roete's argument that subsection (b)(11) does not apply because the Smiths "harassed and coerced the appellant." Appellant's Reply Brief at 1. Simply put, the bankruptcy court made no such finding. The transcript of the hearing in the bankruptcy court contains no evidence of harassment, and, as the *Morgan* court declared, "[p]resentment cannot be characterized as harassment, particularly where the creditor presents its notes to the payor bank, rather than to the debtor." 804 F.2d at 1491.

ruptcy under Rule 81, and that Bankr.R. 9011 is similarly inapplicable to bankruptcy appeals to a district court. *Id.* at 1531. The court found that Rule 9011 (essentially identical to Fed.R.Civ.P. 11) permitted only the bankruptcy court, and not the district court, to assess sanctions against parties or counsel. This conclusion was deduced from Bankr.R. 9001(2) which *then* defined "court," as used in Rule 9011, as the "bankruptcy court." *Id.* Nevertheless, Roete's counsel neglects to point out that the pertinent bankruptcy rules have been modified since *Akros.* Under the 1987 Amendment to Rule 9001, "court" is defined as "the judicial officer before whom a case or proceeding is pending." The Advisory Committee Note for the 1987 amendment states that "[s]ince a case or proceeding may be before a bankruptcy judge or a judge of the district court, 'court or judge' is defined to mean the judicial officer before whom the case or proceeding is pending."

From the plain language of the 1987 amendment, it is clear that Rule 9011 applies to the district court. This conclusion is consistent with those statutes that give the district court jurisdiction over bankruptcy cases, 28 U.S.C. § 1334, and that define bankruptcy judges as a "unit of the District Court." 28 U.S.C. § 151. We note that the proper use of the Rule 9011 by a district judge is a novel question in this court. But that novelty does not make this case difficult. Here, the district court assessed costs to Roete's counsel for filing a brief that was frivolous due to its unsupported arguments and its numerous grammatical errors. The district court appropriately described counsel's brief as "far below the standards of practice reasonably expected in this or any other court" and that the sub-standard brief "caused the court to spend additional time to insure that a proper decision is reached." Rule 9011 permits the district court to award sanctions for attorneys who file documents that are not "well grounded in fact ... [or]

warranted by existing law...." The district court chose to exercise its discretion under Rule 9011 in this case, and we will not disturb that judgment.[6]

### III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

**6.** Nevertheless, we decline to award the Smiths costs and attorney's fees for defending Roete's appeal before this court. Roete was entitled to appeal the district court's decision, and given the bankruptcy court's original award, Roete was justified in bringing this case before us. *See* Fed.R.App.P. 38.