In re Mark MICKMAN.

UNITED STATES of America

v.

Mark MICKMAN.

Civ. A. No. 92–2633.
Bankruptcy No. 92–10170S.

United States District Court,
E.D. Pennsylvania.

Aug. 4, 1992.

Michael A. Cibik, Philadelphia, Pa. and Neil E. Jokelson, Neil E. Jokelson & Assoc., P.C., Philadelphia, Pa., for debtor.

James G. Sheehan, Asst. U.S. Atty., Civ. Div., Philadelphia, Pa., for appellant.

Frederick Baker, Trustee, pro se.

## MEMORANDUM

DALZELL, District Judge.

The United States of America appeals from the March 30, 1992 Order of the United States Bankruptcy Court granting the Government partial relief from the automatic stay to pursue certain of its claims in the civil proceeding entitled *United States v. Mickman,* No. 89–7826 (E.D.Pa.). Because we find that the Government's civil proceeding involves claims brought under the False Claims Act, 31 U.S.C. § 3729 *et seq.,* and the Fraud Injunction statute, 18 U.S.C. § 1345, and is therefore exempt from the automatic stay pursuant to 11 U.S.C. §§ 362(b)(4) and (b)(5), we will reverse the decision of the Bankruptcy Court to permit the Government to proceed on all of its claims in Civil Action No. 89–7826.

## I. BACKGROUND

On November 1, 1989, the Government filed a civil fraud action in this District (C.A. No. 89–7826) against Mark Mickman and ten other defendants who allegedly participated in a telemarketing scheme to defraud the Medicare program. The nine-count complaint asserts claims under the False Claims Act, 31 U.S.C. § 3729(a)(1), the Federal Priority Statute, 31 U.S.C. § 3713, the Fraud Injunction statute, 18 U.S.C. § 1345, common law fraud, inducement of breach of fiduciary duties, unjust enrichment, payment under mistake of fact, fraudulent conveyances, and the use of corporations as alter egos. This fraud action proceeded until January 8, 1992, when Mickman filed a bankruptcy petition in the United States Bankruptcy Court.

On January 17, 1992, the Government filed a motion with the Bankruptcy Court seeking relief from the automatic stay in order to pursue its fraud claims against Mickman in Civil Action No. 89–7826. On March 30, 1992, the Bankruptcy Court entered a Memorandum and Order granting the United States partial relief, finding that while the automatic stay in bankruptcy did apply to actions brought pursuant to the False Claims Act, the Government would be granted leave to proceed with the fraud action against Mickman only to the extent of its False Claims Act claim (Count I of the Complaint). The United States appealed this decision on April 7, 1992.

## II. ISSUES/STANDARD ON REVIEW

The primary issue presented on appeal concerns whether the automatic stay in bankruptcy, 11 U.S.C. § 362(a), operates to stay the proceedings in Civil Action No. 89–7826, or whether this action, brought pursuant to the False Claims Act and Fraud Injunction statute, is a fraud action exempt from the stay as "an action or

proceeding by a governmental unit to enforce such governmental unit's police or regulatory power" within the meaning of 11 U.S.C. §§ 362(b)(4) and (5). Because this issue is a question of law, our standard of review is plenary. *Brown v. Pennsylvania State Employees Credit Union,* 851 F.2d 81, 84 (3d Cir.1988).

## III. LEGAL ANALYSIS

In general, the filing of a bankruptcy petition operates to stay the continuance of any judicial proceedings against the debtor. 11 U.S.C. § 362(a). In order to prevent abuse by debtors improperly seeking refuge under the bankruptcy laws, however, Congress provided that governmental actions brought to enforce the government's police or regulatory powers are exempt from the automatic stay provisions of 11 U.S.C. § 362(a). *See United States v. Nicolet, Inc.,* 857 F.2d 202, 207 (3d Cir.1988). Under this exemption,

> The filing of a [bankruptcy] petition ... does not operate as a stay—
>
> (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; [or]
>
> (5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

11 U.S.C. § 362(b).

We must thus determine whether the fraud suit the United States brought in Civil Action No. 89–7826 is "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power" within the meaning of 11 U.S.C. § 362(b).

A review of the legislative history enlightens this enterprise. The Senate and House Committee Reports explain that:

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to

prevent or stop violation of *fraud,* environmental protection, consumer protection, safety, or similar police or regulatory laws, *or attempting to fix damages for violation of such a law,* the action or proceeding is not stayed under the automatic stay.

> Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment.

S.Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5838; H.R.Rep. No. 595, 95th Cong., 2d Sess. 340, 343 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6296, 6299 (emphasis added).

▮▮▮ The United States contends that its fraud action is precisely the type of proceeding contemplated by 11 U.S.C. §§ 362(b)(4) and (5) since its whole purpose was to stop Mickman's commission of Medicare fraud and to fix damages for the fraud already committed. We agree. The intent of the statute is clear: where the government has brought suit to stop fraud and to fix damages for the commission of fraud, the action may proceed to trial, despite a defendant's bankruptcy filing, so that the Government's claim may be liquidated. In the interests of protecting other creditors through an orderly reorganization or liquidation, however, the Government is stayed from executing on any money judgment entered.

As the Court of Appeals has explained, "[b]y simply permitting the government's claim to be reduced to a judgment, no seizure of property takes place. Moreover, that Congress carefully made only enforcement of a money judgment subject to the automatic stay indicates strongly that mere entry of the judgment was not intended to be proscribed." *Nicolet,* 857 F.2d at 209.

We are further buttressed in our conclusion by the Eighth Circuit's decision in *United States v. Commonwealth Companies, Inc.,* 913 F.2d 518 (8th Cir.1990), finding that actions brought by the government to enforce the False Claims Act are

exempt from the automatic stay under § 362(b)(4) because they "serve to inflict the 'sting of punishment' on wrongdoers and, more importantly, deter fraud against the government, which Congress has recognized as a severe, pervasive, and expanding national problem." *Id.* at 526.[1]

One last issue merits discussion. Although the Bankruptcy Court and the United States have attempted to parse through the individual claims of the fraud action for purposes of applying § 362(b), we do not read the statute to require such painstaking scrutiny. The statute permits the Government to continue "an action or proceeding ... to enforce [the fraud laws]". 11 U.S.C. § 362(b)(4). All of the claims in the Government's civil fraud action are intended to remedy the defendants' commission of fraud against the United States. We find nothing in the statute or the legislative history to warrant restricting the §§ 362(b)(4) and (5) exceptions from the automatic stay to apply only to certain of the claims in the Government's fraud action.

We therefore conclude that Civil Action No. 89–7826, in its entirety, is exempt from the automatic stay and shall be permitted to proceed. An Order follows.

### ORDER

AND NOW, this 4th day of August, 1992, for the reasons set forth in the foregoing Memorandum, it is ORDERED that the United States Bankruptcy Court Order dated March 30, 1992 is REVERSED to the extent that it precludes the United States from litigating the debtor's liability to it under Counts II through IX of the Complaint filed in Civil Action No. 89–7826.

It is FURTHER ORDERED that this case is hereby REMANDED for further proceedings consistent with this opinion.

---

**1.** Although the Bankruptcy Court distinguished *Commonwealth Companies,* finding that it was based, in part, on the perceived "punitive" nature of the False Claims Act, *see* p. 2 of the Bankruptcy Court Memorandum and Order dat-

ed March 30, 1992, we find no such implied limitation in either the Eighth Circuit's opinion, or, more importantly, emanating from the statute.