### In re HESSINGER & ASSOCIATES, Attorneys.

#### Misc. No. 94–102.

United States Bankruptcy Court, N.D. California.

April 18, 1994.

Bruce Kerr, Hessinger & Associates, San Jose, CA.

Bruce Kerr, Hessinger & Associates, Oakland, CA.

John J. Standifer, Jr., Tucson, AZ.

MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

It is a rare thing for a court to have to write a decision overruling a legal argument which is patently meritless, but circumstances now require exactly that. The law firm of Hessinger & Associates has taken the position that there is an implicit exception to the Bankruptcy Code for attorneys. Hessinger argues that after it has filed a Chapter 7 bankruptcy for a client it is free to enforce a fee contract for its fees entered into before the filing. A written decision is necessary to explain the debtors' rights to

them, as Hessinger's position is completely baseless.

■ Section 362(a)(6) of the Bankruptcy Code stays any act to collect a claim that arose before the commencement of the bankruptcy. There is no exception for claims that arose "just before" the commencement, nor is an act exempt because it is taken by a lawyer. Section 524(a)(2) of the Bankruptcy Code makes the temporary stay of section 362(a)(6) permanent after discharge. It also prohibits the waiver of the discharge.

■ An attorney cannot avoid the effect of sections 362 and 524 of the Code by taking a postdated check. The taking of a postdated check by an attorney for a bankruptcy fee is a credit transaction. *In re Plaza Hotel Corp.*, 111 B.R. 882 (Bkrtcy.E.D.Cal.1990). Presentment of the check for payment is an act to collect a prepetition debt, and is accordingly unlawful.

Hessinger's reliance on *In re Riggin*, 40 B.R. 458 (Bkrtcy.D.Md.1984) is incomprehensible to the court. The judge in that case in no way implied that an attorney's fees are exempt from discharge; in fact, he said the opposite. The judge in *Riggin* would certainly be upset to learn that his decision was being relied upon by Hessinger to support its position.

The only courts to have addressed any issue similar to those raised here have held that a creditor violates bankruptcy law even by taking a voluntary payment after bankruptcy. See *In re Germansen Decorating, Inc.*, 149 B.R. 517, 521 (Bkrtcy.N.D.Ill.1992). There is not an iota of support for Hessinger's position.

■ Hessinger has placed itself in an intolerable position by arguing for the validity of its fee agreements, both because the argument is patently meritless and because it has placed itself in conflict with the rights of its clients. In addition, section 6148(a)(3) of the California Business and Professions Code (made applicable to all attorneys who practice in this court by Local Rule 110–3) requires a written fee application which discloses the responsibilities of the attorney and the client as to performance of the contract.[1] An essential disclosure of such a contract is that the attorney's right to payment is not enforceable after a bankruptcy petition is filed.

It is evident that Hessinger's clients cannot rely on Hessinger for valid advice as to their postpetition obligations to Hessinger. Accordingly, the court will order as follows:

■ 1. Hessinger and its employees, agents, successors and assigns shall not in any way attempt to enforce any fee contract with the debtor entered into prepetition once a bankruptcy has been filed.

■ 2. Hessinger and its employees, agents, successors and assigns shall not, after the filing of a bankruptcy petition, cash any check made by the debtor before the petition was filed.

■ 3. Hessinger shall not enter into any reaffirmation agreement with any client without court approval.

■ 4. All of Hessinger's fee contracts shall recite, in bold typeface, "THIS CONTRACT IS NOT ENFORCEABLE AFTER BANKRUPTCY."

5. The order shall be made without prejudice to the rights of any clients of Hessinger to seek damages for violation of the automatic stay or discharge injunction.

■ 6. The court recognizes that some attorney work is necessary after filing, such as appearance at the meeting of creditors, lien avoidance motions, redemptions and reaffirmations.[2] An attorney may be entitled to be paid for these services on a quantum meruit basis. In order to avoid any abuse, Hessinger shall not charge any debtor for postpetition services except after applying *ex parte* to the court for leave to do so. The

---

1. The law only requires written fee contracts where the total cost to the client is more than $1,000. Since the court's filing fee is $160.00, any time Hessinger charges a fee of over $840.00 the contract is required. It appears that in all cases Hessinger charges more than this.

2. It does not appear that Hessinger is actually performing any of these postpetition services and is hiring outside counsel at $50.00 per case to appear at the meeting of creditors.

application shall describe the services to be rendered, the name of the person performing the services and whether or not he or she is a lawyer, the time to be spent, and the fee to be charged. A copy shall be served on the U.S. Trustee.

7. The Clerk shall send a copy of this decision to the State Bar of California and all debtors who are clients of Hessinger now or in the future.