In re Jennifer BIGGAR, Debtor.

In re Donna Lynn MARTINEZ, Debtor.

In re Martin Edward CLARK, Debtor.

HESSINGER & ASSOCIATES, Appellant,

v.

UNITED STATES TRUSTEE, District of California, Appellee.

Nos. C 95–0970 DLJ to C 95–0972 DLJ.

United States District Court,
N.D. California.

Aug. 8, 1995.

Joseph Johnson of Hessinger & Associates, San Jose, CA, for appellant.

Peter H. Carroll III of Office of U.S. Trustees, San Francisco, CA, for appellee.

## ORDER

JENSEN, District Judge.

On August 2, 1995, the Court heard arguments on Hessinger & Associates' appeals from three related orders of the United States Bankruptcy Court. Joseph Johnson of Hessinger & Associates appeared on behalf of appellant. Peter H. Carroll III of the Office of the United States Trustee appeared on behalf of appellee. Having considered the arguments of counsel, the papers submitted, the applicable law, and the record herein, the Court AFFIRMS the orders of the bankruptcy court.

## BASIS OF JURISDICTION

These appeals are taken from three orders of the bankruptcy court, the Honorable Dennis Montali presiding, entered on September 13, 1995. Hessinger timely noticed its appeals to the United States Bankruptcy Panel of the Ninth Circuit ("BAP") on September 22, 1994 pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure.

The United States Trustee for the District of California, pursuant to Appendix of U.S. Bankruptcy Appellate Panel Orders No. 2 objected to the referral to the BAP on September 28, 1994, and the appeals were referred to the United States District Court for the Northern District of California. The Court ordered the appeals related pursuant to local rule. The Court has jurisdiction over the appeals pursuant to 28 U.S.C. § 158(a).

## STATEMENT OF THE ISSUE AND STANDARD OF REVIEW

The sole issue on appeal is whether a prepetition installment contract for legal services to be rendered in contemplation of or in

connection with a Chapter 7 bankruptcy case is excepted from discharge and enforceable after bankruptcy, notwithstanding the provisions of 11 U.S.C. §§ 727, 362 & 524.

■■■ A bankruptcy court's factual findings are reviewed on appeal under the clearly erroneous standard and its conclusions of law are subject to de novo review. *Wade v. State Bar of Arizona (In re Wade)*, 115 B.R. 222, 225 (9th Cir. BAP 1990), *aff'd*, 948 F.2d 1122 (9th Cir.1991). Dischargeability or enforcement of pre-petition installment contracts for legal services to be rendered in contemplation of or in connection with bankruptcy cases presents a pure question of law that is subject to de novo review. *See Robertson v. Alsberg (In re Alsberg)*, 161 B.R. 680, 682 (9th Cir. BAP 1993); *In re Wade*, 115 B.R. at 225.

## STATEMENT OF FACTS

Hessinger is a law firm which filed Chapter 7 bankruptcy proceedings with "no money down" for attorneys' fees and allowed its clients to pay attorneys' fees in monthly installments, post-petition, from future earnings or other sources of exempt income.

Jennifer Biggar (C 95–0970 DLJ) filed a voluntary petition in the United States Bankruptcy Court and retained Hessinger to represent her in her bankruptcy proceedings. Hessinger and Biggar negotiated a fee for Hessinger's services in the amount of $1,470 plus interest at the rate of 1.5% per month for a total fee of $1,617. The fees were payable in twelve installments of $134.75 each.

Donna Lynn Martinez (C 95–0971 DLJ) filed a voluntary petition in the United States Bankruptcy Court and retained Hessinger to represent her in her bankruptcy proceedings. Hessinger and Biggar negotiated a fee for Hessinger's services in the amount of $1,150 plus interest at the rate of 1.5% per month for a total fee of $1,200. The fees were payable in twelve installments of $100 each.

Martin Edward Clark (C 95–0972 DLJ) filed a voluntary petition in the United States Bankruptcy Court and retained Hessinger to represent him in his bankruptcy proceedings. Hessinger and Clark negotiated a fee for Hessinger's services in the amount of $1,400 plus interest at the rate of 1.5% per month for a total fee of $1540.20. The fees were payable in twelve installments of $128.35 each.

On or about March 8, 1994, the United States Trustee filed a motion for review of fees requesting that the bankruptcy court review the fees paid, and agreed to be paid, to Hessinger under the debtors' fee contracts.

Following oral argument by Hessinger and the Trustee, the bankruptcy court held that the attorneys' fees owed to Hessinger by Jennifer Biggar, Donna Lynn Martinez, and Martin Edward Clark were dischargeable in bankruptcy. Accordingly, the bankruptcy court ruled that Hessinger had to return all fees collected since the filing of the bankruptcy petition.

## DISCUSSION

Hessinger & Associates agreed to provide individuals legal services in connection with chapter 7 bankruptcies for a fixed sum. This type of fee arrangement is typical in chapter seven bankruptcy cases. Normally, however, the entire fee is paid pre-petition. In the instant cases, in contrast, the payments are to be made post-petition. *Cf. In re Mills*, 170 B.R. 404, 407 (Bankr.D.Ariz.1994).

■■■ Regardless of their timing, such payments are subject to disclosure and review for reasonableness by the bankruptcy court. 11 U.S.C. § 329 ("section 329") requires that the debtor's attorney file a disclosure statement setting forth "(a) the fees paid or agreed to be paid and (b) the source of the compensation." *In re Yermakov*, 718 F.2d 1465 (9th Cir.1983). Section 329 also gives the bankruptcy court the authority and affirmative duty to oversee fee arrangements which are so disclosed. *Id.* at 1470 n. 8. The court has broad discretion to allow or disallow fees, notwithstanding the stated terms of a fee agreement. If the fee is unreasonable, the court may cancel the agreement. *Id.*

■■■ The question presented by this case is whether a chapter 7 debtor's pre-petition obligation to make post-petition installment

payments for pre-petition legal work is dischargeable in bankruptcy. The bankruptcy court found that such contracts are dischargeable, and therefore did not reach the question of whether the fees charged by Hessinger were reasonable.

The United States Trustee contends that because contracts for bankruptcy-related legal services do not fall within any statutory exception to discharge under 11 U.S.C. § 523(a), claims based on such are fully dischargeable under 11 U.S.C. 727(b). The Trustee argues that an attorney who has a fee agreement with a debtor should not receive more favorable treatment than any other creditor who has a contract with the debtor. The Trustee contends that debtors are entitled to a "fresh start" in bankruptcy unhindered by prior indebtedness.

Hessinger concedes that there is no explicit statutory exception to discharge in bankruptcy for pre-petition contracts for bankruptcy-related legal services. Hessinger contends, however, that section 329's requirement that the bankruptcy court review attorneys' fees contracts for reasonableness and cancel unreasonable contracts impliedly indicates that such contracts are not dischargeable. Otherwise, Hessinger argues, the provision would be meaningless, as there is no reason to "cancel" an automatically dischargeable debt. Hessinger also contends that public policy supports its position: An impoverished debtor typically cannot afford to pay an attorney up-front. If "no money down" installment contracts for legal services are unenforceable, attorneys will be unwilling to take on impoverished debtors as clients.

There is no Ninth Circuit authority directly on point. The Court is aware of three published bankruptcy court opinions that have addressed the issue. Two support the Trustee. *In re Hessinger & Associates,* 165 B.R. 657 (Bankr.N.D.Cal.1994); *In re Symes,* 174 B.R. 114 (Bankr.D.Ariz.1994). One supports Hessinger. *In re Mills,* 170 B.R. 404 (Bankr.D.Ariz.1994). Several other bankruptcy courts have addressed the issue in unpublished rulings.

A. *Statutory Construction*

■ When a creditor seeks to enforce a personal obligation of a debtor based on a pre-petition contract, the debt is dischargeable under 11 U.S.C. § 727(b). The discharge operates as a permanent injunction against collecting on the pre-petition debt. *See* 11 U.S.C § 524(c). The exceptions to discharge, found in 11 U.S.C. § 523(a), do not include attorneys' fees for preparing and filing a bankruptcy petition. *See Mills,* 170 B.R. at 411.

On the other hand, section 329(b) and Rule 2017(b) contemplate the bankruptcy court's review of attorneys fees contracts for reasonableness and direct the court to cancel unreasonable agreements. The *Mills* court found that

The "cancellation" provisions of Section 329(b) are meaningless if Congress intended the obligations to be automatically discharged. Although it is well-established that exceptions to discharge should be narrowly construed to preserve the debtor's "fresh start," it does not follow that the discharge provisions should be read to obliterate the purpose of a free-standing section in the same holistic endeavor.

*Mills,* 170 B.R. at 411–12. Accordingly, *Mills* held that fee arrangements that are subject to the disclosure, disgorgement and cancellation provisions of the Code are not dischargeable in a chapter 7 case.

■ *Mills'* analysis has some persuasive force. It does seem anomalous that Congress would provide for review and cancellation of unreasonable fee agreements if such agreements were automatically dischargeable in bankruptcy. The Court does not believe that the two provisions are ultimately irreconcilable, however. As *In re Symes* points out, section 329 applies to all major chapters of the bankruptcy code, including chapters 7, 11, and 13. *See* 174 B.R. at 118. Thus, even if a pre-petition chapter 7 retainer agreement is dischargeable and there is no need to review it under the cancellation provisions of section 329(b), section 329(b) has utility in other circumstances. *See id.* If, for example, this were an asset case, Hessinger could assert its claim in bankruptcy: a pre-bankruptcy contractual obligation of a debtor to

an attorney is enforceable like any other contract claim against the estate. *See In re Yermakov*, 718 F.2d at 1470; *In re Symes*, 174 B.R. at 118. Additionally, a debtor's post-filing "reaffirmation" of his attorneys' fees contract would be enforceable. In these situations, section 329(b) would apply to enable the bankruptcy court to review the attorneys' fees agreement for reasonableness, and disallow the fee obligation "to the extent that it exceed[ed] the reasonable value of services rendered by the attorney." *In re Symes*, 174 B.R. at 118 (quoting *In re Yermakov*, 718 F.2d at 1471).

Thus, even though section 329(b) and 727(b) at first glance appear at odds, they are not irreconcilable. Accordingly, the plain meaning of section 727(b)—that debts are dischargeable unless there is a specific statutory provision to the contrary—must be given effect. *Cf. Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984) (where two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective).

B. *Public Policy*

Hessinger argues that public policy concerns support an interpretation that pre-petition attorneys' fees contracts are not dischargeable in bankruptcy. "No money down" installment contracts such as those at issue in this case allow debtors who otherwise would have to proceed pro se to engage counsel. *See Mills*, 170 B.R. at 411 n. 12.[1] If a debtor is reasonably well off, he can afford to pay a bankruptcy attorney up-front. In such a case, the debt will have already been paid pre-petition and therefore will not be subject to discharge in bankruptcy. If a debtor is poor, however, his only alternative may be to enter into an agreement to pay attorneys' fees in installments *after* the bankruptcy petition is filed. If such a contract is automatically dischargeable in bankruptcy, attorneys may be unwilling to take on such low income clients.

In spite of this, *In re Symes* and the Trustee contend that "consumer debtors' at-

torneys who wish to represent debtors under 'zero down' cases in Chapter 7 need not despair." *In re Symes*, 174 B.R. at 119. Debtors can choose to "reaffirm" such fee agreements post-bankruptcy. *Id.* Moreover, attorneys can seek to recover part of their costs from the estate. While helpful, this is not of complete assistance to a debtor's attorney. A debtor is free *not* to reaffirm an attorneys' fees contract. Additionally, only certain attorneys fees can be recovered as administrative expenses from an estate, and, in many cases, there is no estate to recover from.

The Court agrees with *In re Symes* that "[t]here are legitimate and important public policy concerns in this dispute. No one wishes that indigent debtors are denied counsel because they lack a retainer. This problem, however, does not elevate the lawyer to special status as holder of a nondischargeable claim." *In re Symes*, 174 Bankr. at 117. Public policy concerns cannot trump the plain language of the bankruptcy code. Moreover, the public policy concerns are not one-sided. On the other side is the public interest in providing an honest debtor with a fresh start unhindered by debt. If Congress wishes to amend the code to provide an exception for the debt owed to an attorney who has prepared and filed a bankruptcy petition it may, but it is not the Court's role to create such an exception.

**CONCLUSION**

 Pre-petition attorneys' fees agreements are dischargeable in bankruptcy just as any other pre-petition debt or claim is dischargeable. Accordingly, the orders of the bankruptcy court that Jennifer Biggar, Donna Lynn Martinez, and Martin Edward Clark are not obligated to pay Hessinger any money for attorneys fees and that Hessinger shall return all fees collected from them since the filing of their bankruptcy petitions are AFFIRMED. The Clerk shall close the file.

IT IS SO ORDERED.

---

1. Additionally, the payment of fees post-petition would not diminish the estate, as the fees are compensable through the debtors' post-petition wages and other exempt property.