In re Brenda F. HINES, Debtor.

Brenda F. HINES, Appellant,

v.

Robert L. GORDON, Appellee.

BAP No. SC–94–1893–AsOH.
Bankruptcy No. 92–14001–H7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 21, 1996.

Decided April 5, 1996.

Harold Shilberg, San Diego, CA, for Appellant.

Don E. Bokovoy, San Diego, CA, for Appellee.

Before: ASHLAND, OLLASON, and HAGAN, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Brenda F. Hines appeals an order of the bankruptcy court denying a motion for contempt against her former attorney, Robert L. Gordon, for willful violation of the automatic stay incurred by the postpetition cashing of two postdated personal checks and actions taken postpetition to collect the fees. We hold that: (1) the debt owed to Gordon was a prepetition dischargeable debt; (2) that Gordon was not entitled to payment on the debt; and (3) that his attempt to collect the debt was in violation of the automatic stay. We reverse and remand.

### STATEMENT OF THE FACTS

The facts of this case are not in dispute. Robert L. Gordon, an attorney doing business as Gordon & Associates, was hired by Brenda F. Hines on November 11, 1993 to represent her in converting her Chapter 13 bankruptcy case to a Chapter 7 case. Hines entered into a fee agreement to pay Gordon $875 in attorney fees in installments. In conjunction with the fee agreement, Hines executed a promissory note to pay Gordon seven monthly installments of $125 each. Hines delivered to Gordon seven postdated personal checks, the first to be cashed prepetition and the remainder to be cashed postpetition. Gordon cashed one check prior to the conversion of the case.

Gordon substituted in as counsel for Hines in December of 1993. On January 3, 1994, Hines' Chapter 13 case was converted to one under Chapter 7. Gordon properly disclosed his fee arrangement with Hines in a document filed in conjunction with the Chapter 13 petition, entitled "Statement of Attorney for Petitioner Pursuant to Bankruptcy Rule 2018(b)." The document stated that the source of the payments to be made by the debtor was "6 post-dated checks of $125/each totaling $750 interest free." In accordance with the fee agreement and promissory note Gordon cashed two of the postdated checks, one on January 10, 1994 and one on February 7, 1994.

Shortly thereafter, Hines decided to substitute in her former attorney, Harold Shilberg, for Gordon due to Hines' dissatisfaction with Gordon's work. Shilberg advised Hines that any of the attorney fees incurred prior to the commencement of her Chapter 7 bankruptcy case were dischargeable. He further advised her to order a stop payment on the uncashed postdated checks.

As a result of the stop payment orders on the checks, Gordon sent Hines a notice in March, 1994 stating that her account was past due and requesting that Hines contact the accounting department to establish a new payment arrangement. On April 12, 1994 one of the employees at Gordon & Associates left a message on Hines' answering machine. Hines contends that she returned the phone call and was ordered to bring her account current by the end of April 1994.

On April 18, 1994, Hines filed a motion for contempt against Gordon dba Gordon & Associates for willful violation of the automatic stay. The motion sought punitive damages of $50,000 and compensatory damages of $250. At a hearing, the bankruptcy court denied the motion for contempt. The court further reduced the amount of attorney fees to Gordon from the agreed amount of $875 to the $375 that he had already received. Hines timely appealed.

### ISSUE ON APPEAL

Whether the bankruptcy court erred in failing to find that Gordon violated the automatic stay by attempting to cash the postdated checks, sending a past due notice, and contacting Hines by telephone concerning the attorney fees owed to him.

### STANDARD OF REVIEW

■ Whether an act was taken in violation of § 362(a) of the Bankruptcy Code or is excepted from the automatic stay under § 362(b) are questions of law reviewed de novo. *See, In re Wade,* 115 B.R. 222, 225 (9th Cir. BAP 1990), *aff'd,* 948 F.2d 1122 (9th Cir.1991); *In re Mickman,* 144 B.R. 259, 260 (E.D.Pa.1992).

### DISCUSSION

■ Section 362(a)(6) of the Bankruptcy Code stays any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy case. 11 U.S.C. § 362(a)(6). Appellee Gordon contends that his attempt at cashing the checks postpetition was not in violation of the stay because his claim against the estate did not arise before the commencement of the bankruptcy case. We find that the claim is treated as a prepetition claim in accordance with § 348(d) of the Bankruptcy Code, which reads:

> A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

11 U.S.C. § 348(d).

Therefore, not only was the debt to Gordon subject to the automatic stay protections, it was also dischargeable in accordance with § 727(b).

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this Chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

11 U.S.C. § 727(b).

■ A debt arising during the pendency of a case gives rise to a dischargeable debt upon conversion of the case to another chapter unless the debt is deemed nondischargeable under § 523 of the Code. *In re Winchester,* 46 B.R. 492, 495 (9th Cir. BAP 1984); *F & M Marquette Nat. Bank v. Richards,* 780 F.2d 24, 26 (8th Cir.1985). Gordon's

debt is, therefore, discharged in the converted Chapter 7 case along with Hines' other prepetition debts. *See, In re Bracey,* 170 B.R. 398, 400 (9th Cir. BAP 1994), *aff'd in part, rev'd in part,* 77 F.3d 294 (9th Cir. 1996).

■ In similar cases, where attorneys attempted to collect fees through postdated checks cashed postpetition, courts have found the collection of the fees in violation of the automatic stay; *see, e.g., In re Hessinger & Associates,* 165 B.R. 657 (Bankr.N.D.Cal. 1994), *appeal dismissed, In re Eleccion,* 178 B.R. 807 (9th Cir. BAP 1995), and dischargeable under § 727(b). *See, e.g., In re Symes,* 174 B.R. 114 (Bankr.D.Ariz.1994). The *Hessinger* court in discussing the payment of prepetition fees through postdated checks stated:

> An attorney cannot avoid the effect of sections 362 and 524 of the Code by taking a postdated check. The taking of a postdated check by an attorney for a bankruptcy fee is a credit transaction. Presentment of the check for payment is an act to collect a prepetition, debt, and is accordingly unlawful.

*Hessinger,* 165 B.R. at 659 (citations omitted).

In the alternative, Gordon argues that § 362(b)(11) excepts his acts from the automatic stay protections. Section 362(b)(11) does not stay "the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument." 11 U.S.C. § 362(b)(11). To determine whether an act falls within this exception it must be determined that (1) there is a "negotiable instrument" and (2) there was "presentment" of the instrument. *In re Roete,* 936 F.2d 963 (7th Cir.1991).

Pursuant to the California Uniform Commercial Code a "negotiable instrument" is

[A]n unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it is all of the following:

(1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder.

(2) Is payable on demand or at a definite time.

(3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money ...

Cal.Com.Code § 3104(a) (West Supp.1996).

A check that meets these requirements is a negotiable instrument. *Roy Supply, Inc. v. Wells Fargo Bank N.A.,* 39 Cal.App.4th 1051, 1059 n. 6, 46 Cal.Rptr.2d 309, 313 n. 6 (1995); *see also, In re Roete,* 936 F.2d at 966. In this case, the checks constituted negotiable instruments.

"Presentment," as defined in the California Commercial Code is "a demand made by or on behalf of a person entitled to enforce an instrument...." Cal.Com.Code § 3501(a) (West Supp.1996). Pursuant to Cal.Com. Code § 3305 one is not entitled to enforce an instrument where a defense to the enforcement is a discharge in bankruptcy. Section 3305 reads:

(a) Except as stated in subdivision (b), the right to enforce the obligation of a party to pay an instrument is subject to all of the following:

(1) A defense of the obligor based on

. . .

(D) discharge of the obligor in insolvency proceedings.

Cal.Com.Code § 3305(a) (West Supp.1996).[1]

In this case, the debt to Gordon was dischargeable in Hines' bankruptcy case. Therefore, Gordon was not entitled to enforce the postdated checks. Consequently,

---

1. The *Roete* case also concerned whether the attempt to cash postdated checks postpetition fell within the § 362(b)(11) negotiable instrument exception. The court concluded that the checks were negotiable instruments which were presented. However, according to the quoted Indiana Uniform Commercial Code "presentment" was defined as a "demand for acceptance or payment made upon the maker, acceptor, drawee, or other payor by or on behalf of the holder." *Roete,* 936 F.2d at 966, *quoting,* Ind.Com.Code § 26-1–3–504. That definition of presentment, unlike the California definition, would include the situation of the postpetition cashing of postdated checks.

Gordon could not have presented the negotiable instruments in accordance with the California Commercial Code. As a result, § 362(b)(11) does not protect Gordon's acts from constituting a violation of the automatic stay.

■ Even if we had concluded that presentment of the checks fell within the § 362(b)(11) exception to the automatic stay, Gordon's other acts in attempting to collect his fees would have been in violation of the stay. Sending a past due notice after the checks were dishonored and ordering Hines by telephone to pay the attorney fees are acts beyond those necessary to give notice or protest dishonor of the checks. Such acts constitute coercion or harassment and are not excepted from the stay. *See, Morgan Guar. Trust Co. of N.Y. v. American Sav. & Loan Ass'n,* 804 F.2d 1487, 1492 (9th Cir. 1986), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987).

In *Morgan,* the Ninth Circuit had to determine whether an act was taken in violation of § 362(a)(6) of the Code or was excepted from the automatic stay as a presentment of a negotiable instrument. The negotiable instrument exception [then § 362(b)(10) ] applied only to cases filed after October 8, 1984 and did not govern that case. However, the court found that presentment of a negotiable instrument and other requests for payment are not stayed unless accompanied by coercion or harassment. *Morgan v. American Sav. & Loan,* 804 F.2d at 1491–92 (citations omitted).

Gordon's postpetition acts were taken with full knowledge of the bankruptcy and in an attempt to coerce the debtor to pay a prepetition dischargeable debt. These are precisely the type of acts from which a debtor is protected under § 362(a)(6) of the Bankruptcy Code.

### CONCLUSION

Gordon's postpetition actions to collect his attorney fees were an invalid attempt to collect a prepetition dischargeable debt and were in violation of the automatic stay. The order of the bankruptcy court denying Hines' motion for contempt for violation of the stay

is reversed. We remand for a determination of damages, if any, pursuant to § 362(h).