**In re Deana ZAPANTA and Lemando Zapanta, Debtors.**

**Bankruptcy No. 94–01666–A7.**

United States Bankruptcy Court, S.D. California.

Jan. 16, 1997.

Harold Shilberg, San Diego, CA, for Debtors.

Don E. Bokovoy, Weintraub & Bokovoy, San Diego, CA, John M. Seitman, Lindley Lazar & Scales, San Diego, CA, for Movant.

**AMENDED MEMORANDUM DECISION**

LOUISE DeCARL ADLER, Chief Judge.

Deana Zapanta ("Debtor") moves this court for an Order for Contempt against Robert L. Gordon d.b.a. Gordon and Associates ("Gordon") for willful and intentional violation of 11 U.S.C. section 362(a)(6) of the automatic stay by cashing checks for prepetition services.[1] Specifically, Debtor asks for $600.00 compensatory damages, $6,712.30 attorney's fees and costs, and $50,000 punitive damages. Gordon opposes the motion, contending the presentment of the checks falls under an exception to the stay pursuant to section 362(b)(11). At the hearing held on November 27, 1996, the court declined to award any punitive damages and took under submission the issue of whether Gordon's actions fell under the exception provided in section 362(b)(11).

**I.**

**FACTUAL SUMMARY**

On January 10, 1994, Gordon entered into an Agreement to represent Debtors in their Chapter 7 bankruptcy.[2] The Agreement provided for the delivery of three postdated checks, two of which were to be cashed postpetition. On February 15, 1994, Debtors filed their voluntary Chapter 7 petition. The second and third checks were presented and paid by Debtors' bank on March 15 and April 15, 1994, respectively. Gordon properly disclosed this fee arrangement as required by Federal Rule of Bankruptcy Procedure

---

1. Hereinafter, all code and section references refer to 11 U.S.C. sections 101–1330 unless otherwise specified.

2. The bankruptcy petition was filed jointly by Deana and Lemando Zapanta. The court notes that only Deana Zapanta brings the instant motion.

762

2016(b). Debtors received their discharge on June 14, 1994 and the case was closed on July 1, 1994. Debtors requested the return of the $600.00 fee but Gordon refused. Debtors' case was reopened to bring this motion and the motion was brought on September 26, 1996.

## II.

## ISSUE

Whether Gordon's presentment of the checks is an exception to the stay pursuant to section 362(b)(11)?

## III.

## DISCUSSION

■ Section 362(a)(6) of the automatic stay prohibits collection of any prepetition claim against the debtor. Specifically, the statute provides that the filing of a petition under Title 11 operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case...." Section 362(a)(6). The automatic stay is one of the fundamental protections provided by the bankruptcy laws. *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 351 (9th Cir.1996). Section 362(b)(1)–(18) creates specific exceptions to the automatic stay. Gordon argues his actions are exempt from the stay pursuant to section 362(b)(11).

Section 362(b)(11) excepts from the stay "the presentment of a negotiable instrument...." In the recent case of *In re Hines*, 198 B.R. 769 (9th Cir. BAP 1996) the court took a two-step approach to determine whether the collection of fees fell under the exception in section 362(b)(11): (1) there must be a negotiable instrument and (2) there must be a presentment. *Id.* at 772. The court looked to the California Uniform Commercial Code ("Cal.Com.Code") to define

these terms. *Id.* The court concluded that although the checks satisfied the negotiable instrument definition they did not satisfy the definition of presentment. *Id.*

■ This court agrees with the *Hines* court's analysis. A check that meets the requirements of Cal.Com.Code section 3104(a) is a negotiable instrument.[3] The checks given to Gordon by the Debtors are identical to the one at issue in *Hines* and are negotiable instruments as defined by Cal. Com.Code section 3104(a).

Presentment is defined as "a demand made by or on behalf of a person entitled to enforce an instrument...." Cal.Com.Code § 3501(a) (West Supp.1996). The *Hines* court held pursuant to Cal.Com.Code § 3305 one is not entitled to enforce an instrument where a defense to the enforcement is a discharge in bankruptcy. 198 B.R. at 772. Debtor contends the debt represented by the checks would have been discharged in bankruptcy.

Several cases have held that debts arising from prepetition agreements for postpetition payment of attorney's fees are dischargeable.[4] In one of the cases, *In re Biggar*, 185 B.R. 825 (N.D.Cal.1995) the court focused on statutory construction. 185 B.R. at 828. The court concluded that because the exceptions to discharge in section 523(a) do not include attorneys' fees for preparing and filing a bankruptcy petition the debt would be considered discharged under section 707(b). *Id.* The court recognized the public policy concern of affording debtors with counsel but held that it "cannot trump the plain language of the bankruptcy code." *Id.* at 829. This court agrees with this analysis and finds that the debt represented by the postdated checks would have been discharged under section 727(b).

---

**3.** Cal.Com.Code section 3104(a) provides in pertinent part:

[A]n unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it is all of the following:

(1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder.

(2) Is payable on demand or at a definite time.

(3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money....

**4.** *In re Symes*, 174 B.R. 114 (Bankr.D.Ariz.1994); *In re Biggar*, 185 B.R. 825 (N.D.Cal.1995); and *In re Voglio*, 191 B.R. 420 (D.Ariz.1996).

Gordon's argument that the checks were for postpetition work and not subject to discharge is unavailing. The agreement for Gordon to receive these checks was entered into prepetition. Although it might have been contingent, this agreement was a claim under section 101(5)(A) and became a debt under section 101(12). These two events occurred simultaneously—prepetition.

Gordon further contends that at the time he presented the checks, the Debtors could not present the defense of discharge. The court disagrees. Just because discharge had not been entered does not change the fact the debt was always "subject" to discharge under section 727(b). Since Debtors could present the defense of a discharge in bankruptcy, Gordon's actions do not satisfy the definition of presentment under Cal.Com. Code section 3501, and accordingly do not fall under the protections of section 362(b)(11).

Gordon's assertion that *Morgan Guaranty Trust Co. of New York v. Amer. Savings and Loan Assoc.*, 804 F.2d 1487 (9th Cir.1986), cert. denied, 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987) is applicable to this case is flawed. In *Morgan*, the court held that the mere presentment of a negotiable instrument did not violate the automatic stay absent some element of coercion or harassment. *Id.* at 1491. The facts in *Morgan* can be distinguished from the matter before this court. The *Morgan* case was a chapter 11 case and the court did not consider the dischargeability issue. Specifically, the *Morgan* court did not consider the definition of presentment under the California Commercial Code nor the exception under section 362(b)(11).

## IV.

### CONCLUSION

The court finds that Gordon's actions are not eligible for the exception from the stay under section 362(b)(11). The court grants Deana Zapanta's Motion for Contempt for violation of section 362(a)(6). The damages and attorney's fee claim are reserved for further decision. This Memorandum Decision is in lieu of findings of fact and conclusions of law. Counsel for the Debtor is directed to prepare and lodge an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.