**In re Larry P. NOFFSINGER, dba Auto Rentals of Hopkinsville dba U–Save Auto Rental, Southern Sales dba Southern Automotive Sales & Leasing, Charlotte A. Noffsinger, Debtors.**

No. 03–51731.

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 19, 2004.

Ronald J. Bamberger, Owensboro, KY, for Debtors.

## MEMORANDUM–OPINION

THOMAS H. FULTON, Bankruptcy Judge.

THIS CORE PROCEEDING is before the Court on Debtor's Motion to Hold Creditor In Contempt, and Creditor's Objection to Debtor's Motion.[1] Debtor alleges that Kentucky Auto Salvage Pool ("KASP") deposited 19 prepetition checks after notice that a bankruptcy petition had been filed in violation of 11 U.S.C. § 362(a) and should be held in contempt[2]. Based upon the statements of counsel and the entire record in this case, the Court determines that KASP's actions were within an exception to the automatic stay under 11 U.S.C. § 362(a) and were not in violation of the stay. As such, this Court shall not sanction KASP.[3]

There are no disputes as to the facts of the events as they occurred. Debtor filed for a petition for Chapter 7 bankruptcy relief on November 11, 2003. On November 12, 2003, Debtor notified KASP of the bankruptcy filing. Thereafter, KASP deposited 19 prepetition checks from Debtor. All 19 checks were returned to KASP with the notation "closed account."[4] Debtor subsequently filed this motion to hold KASP in contempt on grounds that its actions in depositing the checks violated the automatic stay 11 U.S.C. § 362(a).

■ Upon the filing of a bankruptcy petition, an automatic stay is entered by operation of law to prevent any collection actions against the debtor. 11 U.S.C. § 362(a). This stay, though, is subject to certain exceptions. Among these enumerated exceptions is 11 U.S.C. § 362(b)(11) which states that filing a petition does not operate as a stay "of the presentment of a negotiable instrument and the giving of notice of the protesting dishonor of such an instrument." When interpreting a statute, a Court must look to the plain meaning of the language in the statute unless it is ambiguous. *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004). The language in 11 U.S.C. § 362(b)(11) is clear and unambiguous. In the instant case we must therefore only look to see whether KASP "presented" a "negotiable instrument." These terms are not defined in the Bankruptcy Code, and we must instead look to Kentucky's Uniform Commercial Code for guidance.

---

1. See 28 U.S.C. § 157(b)(2)(G)(O)

2. Some courts find that sanctions, and not contempt, is the proper motion to bring. Upon review, however, this Court finds that because an automatic stay is considered equivalent to a court order, the violation of the stay could support a motion for contempt. COLLIER ON BANKRUPTCY 15TH ED. REVISED, 362.11. Although a distinction without difference, this court would prefer granting sanctions, as opposed to contempt, under 11 U.S.C. § 362(b) or § 105(a) via motion practice under those subsections.

3. 11 U.S.C. § 362(b)(11) provides as follows: "the filing of a petition...does not operate as a stay...of the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument."

4. Debtor and KASP disagree about the exact date KASP deposited the checks. For the purpose of this analysis, it only matters that the action took place post-petition.

██ Under KRS 355.3–104, a negotiable instrument is defined as an "unconditional promise or order to pay a fixed amount of money." A check, such as those in question here, falls within this definition. Presentment is likewise defined in KRS 355.3–501, a "demand made by or on behalf of a person entitled to enforce an instrument." The depositing of a check into a bank account falls within the definition of presentment. Therefore, KASP depositing 19 checks written by Debtor was presentment of negotiable instruments.

While the above analysis provides the simple answer that KASP's depositing 19 prepetition checks is not a violation of the automatic stay by virtue of 11 U.S.C. § 362(b)(11), we must also examine *how* the creditor in question (KASP) attempted to collect on prepetition debts. Even actions falling within enumerated stay exceptions must meet certain criteria to be permissible under the Bankruptcy Code.

██ Case law from multiple circuits state that a creditor, despite falling within an exception to the stay, still may not use coercion or harassment to obtain payment. In *Morgan Guaranty Trust Company of New York v. American Savings and Loan Assoc.*, 804 F.2d 1487, 1491 (9th Cir.1986),[5] the Court found that even if a creditor can seek payment through a stay exception, it may still not use coercion or harassment to obtain payment. *See also Hines v. Gordon*, 198 B.R. 769, 773 (9th Cir. BAP 1996); *In re Zapanta*, 204 B.R. 762, 764 (Bankr.S.D.Ca.1997). Doing so would interfere with the "breathing spell" that the automatic stay was meant to provide the

debtor. *Morgan Guaranty Trust*, 804 F.2d at 1491. Acts constituting harassment or coercion include, "commencement of judicial proceedings; enforcement of judgments; creation and enforcement of liens; and setoffs of debts owing to the debtor against claims against the debtor." *Id.* Mere presentment of checks, standing alone however, is not harassment, particularly where the checks in question are presented to a bank, not the debtor. *Id.*

██ In the instant case KASP attempted to deposit 19 checks post-petition. These checks were returned unpaid and marked with the notation "closed account." This mere presentment, absent evidence of any other conduct by KASP, is not coercive or harassing.

██ It must also be stressed that 11 U.S.C. § 362(b)(11) permits only the presentment of negotiable instruments but does not authorize the transfer of any property. *Wittman v. State Farm Life Insurance Co., Inc.*, 176 B.R. 924 (Bankr. D.Kan.1994). As stated above, a Court must read a statute based on its plain language, unless that language is ambiguous. The language and wording of 11 U.S.C. § 362(b)(11) is clear and unambiguous, and states only that a creditor may present a negotiable instrument post-petition and not violate the stay. There is nothing in the statute, however, on the protection of funds transferred or received upon such presentment. This Court cannot, therefore, read such language or intention into the statute. As such, any transfer from a debtor's bank account, whether it be property of the estate or the debtor's own post-petition property, may

---

**5.** Although this case dealt with the presentment of checks before the 1984 Supplement to the Bankruptcy Code, it is still applicable because the Supplement was meant to be a clarification, not an addition or change, to the existing provision. *Roete v. Smith*, 936 F.2d

963, 966 (7th Cir.1991). Additionally, several cases have cited this particular aspect of the case with approval. *See In re Zapanta*, 204 B.R. 762, 764 (Bankr.S.D.Cal.1997), *In re Hines*, 198 B.R. 769, 773 (9th Cir. BAP 1996).

be avoided. Any actual transfer of money from the estate to KASP can be recovered under 11 U.S.C. § 549, which allows the bankruptcy trustee to recover any transfer after the commencement of the case. Similarly, any transfer of the debtor's property post-petition, for example, money deposited from a post-petition paycheck, would be a violation of the automatic stay under 11 U.S.C. § 362(a), and would be avoidable.

The checking account in question in the instant case would have been either property of the estate under 11 U.S.C. § 541(a), or could have been the debtor's exempt property under the Kentucky Revised Statutes. In either case, any money transferred to KASP following its presentment could have been avoided.

A separate Order consistent with the foregoing has been entered in accordance with the Federal Rules of Bankruptcy Procedure 9021.

### ORDER

THIS CORE PROCEEDING is before the Court on Debtor's Motion to Hold Creditor In Contempt, and Creditor's Objection to Debtor's Motion. Pursuant to the Court's Memorandum–Opinion entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Debtor's Motion be DENIED and that the Creditor's act of presenting prepetition checks postpetition was not a violation of the automatic stay under 11 U.S.C. § 362.