In re Everett MILLS, Debtor.

Joseph I. WITTMAN, Trustee, Plaintiff,

v.

STATE FARM LIFE INSURANCE COMPANY, INC., Defendant,

and

Everett Mills, Intervenor.

Bankruptcy No. 92–41070–7.
Adv. No. 93–7176.

United States Bankruptcy Court,
D. Kansas.

May 11, 1994.

William Metcalf, Metcalf and Justus, Topeka, KS, for debtor Everett Mills.

Joseph I. Wittman, Topeka, KS, Trustee.

Cynthia J. Sheppeard, Heck & Sheppeard, Topeka, KS, for defendant State Farm Life Ins. Co., Inc.

John Foulston, Wichita, KS, U.S. Trustee.

## ORDER GRANTING SUMMARY JUDGMENT

JAMES A. PUSATERI, Chief Judge.

This proceeding is before the Court on the trustee-plaintiff's motion for summary judgment. The trustee filed a complaint to try, pursuant to 11 U.S.C.A. § 549, to recover an alleged postpetition transfer of estate property to State Farm Life Insurance Company (State Farm). The debtor intervened, and State Farm filed an answer leaving the actual defense of this action to the debtor and asking that it not be assessed costs, regardless of the outcome. The trustee appears pro se. The debtor appears by counsel William E. Metcalf. State Farm does not appear in connection with this motion. The parties have agreed to the operative facts and submitted opposing legal memoranda. The Court is now prepared to rule on the motion.

### FACTS

The debtor had an outstanding loan from State Farm secured by an insurance policy he had with the company. Shortly before filing a chapter 7 bankruptcy on June 2, 1992, the debtor issued a $2,500 check to State Farm to pay off the loan. State Farm deposited the check, and the drawee credit union honored it on June 3, 1992.

### DISCUSSION AND CONCLUSIONS

Section 549 provides in relevant part:

(a) ... the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section ... 542(c) of this title; or

(B) that is not authorized under this title or by the court.

The trustee claims that the transfer of the money in the debtor's credit union account occurred postpetition when the check was honored and thus he may avoid the transfer under § 549(a). In opposition, the debtor offers two theories: (1) for purposes of § 549, the time the transfer of his money to State Farm occurred should be held to be the date he gave it the check, rather than the date the check was honored; and (2) since § 362(b)(11) excepts the presentment of a negotiable instrument from the automatic stay imposed by § 362(a), and § 542(c) authorized the credit union to transfer money from his account upon presentment so long as the credit union did not have actual notice or knowledge of his bankruptcy filing, the transfer was authorized.

■ For the following reasons, the Court concludes that the transfer occurred postpetition and, as to State Farm, was unauthorized. As the debtor recognizes, the Supreme Court has ruled that for purposes of determining whether it is a preference under § 547(b), a transfer by check occurs when the check is honored. *Barnhill v. Johnson*, 501 U.S. ——, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992). Though the debtor contests applying the reasoning of *Barnhill* in the context of § 549, the Court believes that treating the date of honor as the date of the transfer, a rule which has its roots in the Uniform Commercial Code, is equally appropriate here. *See In re Rainbow Music, Inc.*, 154 B.R. 559, 561 (Bankr.N.D.Cal.1993).

When the debtor filed his bankruptcy petition, his credit union deposit account became property of the estate pursuant to § 541(a), and the credit union became obliged to turn the account balance over to the trustee pursuant to § 542. The fact that § 542(c) allows a financial institution without notice of the bankruptcy filing to honor checks postpetition with impunity is simply a recognition of the commercial realities and competing statutory requirements imposed on financial institutions. Likewise, the fact that presentment of negotiable instruments is excepted from the automatic stay by § 362(b)(11) is probably such a recognition. The Court assumes that the presentment exclusion was intended to protect intermediate institutions in the check-clearing process, who have no real connection with the maker-debtors but must present their checks to the next institution in the banking chain, from stay violation claims that would impose on them the impossible task of ascertaining the bankruptcy status of the numerous faceless, unknown people whose checks and other negotiable instruments flow through the banking collections system. The wording of the stay exception is broader than its likely intent, however, and case law has uncovered circumstances where it excuses what probably should be a willful violation of the § 362 stay. *See Roete v. Smith*, 936 F.2d 963 (7th Cir.1991).

■ On the other hand, excepting the presentment of negotiable instruments from the automatic stay and permitting the innocent transfer of estate money does not mean that estate money received postpetition may be retained. The protection provided by § 542(c) is expressly limited to permitting a financial institution unaware of the bankruptcy to transfer estate property "with the same effect as to the entity making such transfer or payment as if the case" had not been filed; it says nothing about the recipient of the transfer. In fact, if the drawee financial institution is aware of the bankruptcy, it may not freely honor the presented instrument, because § 542(c) protects its postpetition transfer of estate property only so long as it is not aware of the bankruptcy filing. Thus, although it is not a stay violation, presentment does not carry with it a right to have the instrument honored. Instead, § 549(a)(2) permits the trustee to avoid a transfer of property of the estate that is authorized only under § 542(c). The Court believes the transfer here was authorized only under § 542(c). The stay exception created by § 362(b)(11) does not authorize any transfer of estate property, it merely permits

the presenter's performance of an act that would otherwise be a stay violation.

The debtor has also tried to draw some support for his defense of State Farm from this Court's recent decision in *In re Figueira*, 163 B.R. 192 (Bankr.D.Kan.1993). However, while that case did involve a trustee's attempt to recover the balance that had been in the debtors' bank account on the date of filing and was paid out postpetition to honor prepetition checks, the trustee was trying to recover from the debtors rather than the recipients of the money and the debtors suggested the recipients had received preferences. The Court did not consider § 549(a), the basis of the trustee's claim here.

For these reasons, the Court concludes the trustee is entitled to a summary judgment against State Farm for the amount of the postpetition payment. Judgment in his favor is hereby entered in the amount of $2,500.

IT IS SO ORDERED.