**In re Darryll W. SOMMERS, Debtor.**

**Scott R. Clapper, Plaintiff,**

v.

**Darryll W. Sommers, Defendant.**

**Bankruptcy No. 99–26344–BM.**
**Adversary No. 99–2514–BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 9, 2001.

Harvey Pasternack, State College, PA, for plaintiff.

Walter K. Swartzkopf, Foreman & Swartzkopf, Altoona, PA, for debtor/defendant.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtor Darryll W. Sommers, who was defendant in the above adversary action, has brought a second motion pursuant to Federal Rule of Bankruptcy Procedure 9011(b) for sanctions against plaintiff's counsel. Debtor seeks to recover legal fees and costs he allegedly incurred after we previously entered summary judgment in his favor and sanctioned plaintiff's attorney pursuant to Rule 9011 for bringing the above adversary action in the first place.

Plaintiff and his counsel steadfastly oppose debtor's second Rule 9011 motion for sanctions.

We will deny the second motion for reasons that follow.

### —FACTS—

Debtor filed a voluntary chapter 7 petition on August 26, 1999. He indicated on the attached bankruptcy schedules that he was employed by Wolf's Furniture since June of 1998 and that his monthly net income was $2,3000.00.

Notwithstanding this disclosure, plaintiff commenced the above adversary action against debtor on December 27, 1999, seeking to deny debtor a discharge on the theory that debtor had failed to disclose his employment at the time of the bankruptcy filing.

On February 23, 2000, debtor brought a Rule 9011(b) motion against plaintiff's attorney on the theory that said attorney obviously had not reviewed the bankruptcy schedules before filing the complaint in the adversary action. He maintained, among other things, that the complaint was frivolous and sought to recover the sum of $200.00 in legal fees and costs incurred in defending against the complaint.

On May 25, 2000, defendant brought a motion for summary judgment, asserting that there was no material issue of fact for the court to determine in light of the disclosure of his employment in the bankruptcy schedules.

After conducting a hearing on the motion for summary judgment and plaintiff's inexplicable opposition thereto, we issued an order on June 28, 2000, granting debtor's summary judgment motion. We also granted debtor's Rule 9011 motion for sanctions and ordered plaintiff's attorney to pay the sum of $200.00 to debtor to cover legal fees and costs debtor had incurred in defending against the adversary action.

Plaintiff filed a notice of appeal to the District Court on July 12, 2000, fourteen days after their entry, with respect to both orders. Debtor promptly responded by filing a motion to dismiss the appeal as untimely along with a brief in support thereof on July 20, 2000.

The District Court issued a memorandum order on September 13, 2000, dismissing as untimely plaintiff's appeal of our orders of June 28, 2000. No appeal was taken from the order of the District Court.

On September 22, 2000, debtor filed a second Rule 9011 motion *in this court* seeking, as a sanction, to recover legal fees and costs he expended in successfully opposing plaintiff's untimely appeal to the District Court and in bringing and prosecuting the second motion.

A hearing on debtor's second motion and plaintiff's opposition thereto was conducted on November 3, 2000.

## —DISCUSSION—

■ The sanction debtor seeks in his second Rule 9011 motion unquestionably is an order directing plaintiff's counsel to pay the legal fees and costs debtor incurred in opposing plaintiff's above untimely appeal to the District Court and in bringing and prosecuting the second motion in this court.

■ As a general matter, the question whether an appeal is so frivolous as to warrant imposing legal fees and costs upon the appellant as a sanction is reserved to the court to which the appeal was taken, not to the court that issued the order from which the appeal was taken. *Sierra Club v. U.S. Army Corps of Engineers*, 776 F.2d 383, 392 (2d Cir.1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986). To hold otherwise would have the potential chilling effect of deterring even a courageous lawyer from seeking reversal of a contested order. *Id.*

■ Rule 9011 does *not* carve out an exception to this rule. It does not empower a bankruptcy court to determine whether an appeal of one of its orders taken to the District Court is sanctionable. *Glatzer v. Montmartco, Inc. (In the Matter of Emergency Beacon Corp.)*, 790 F.2d 285, 286 (2d Cir.1986).

■ The rationale underlying the general rule applies with no less force to a bankruptcy court than it does to a district court whose order is appealed to a higher court. The heightened involvement of a bankruptcy judge in a bankruptcy proceeding is not significantly different from that of a district court judge who is involved in protracted litigation—e.g., a major anti-trust suit or a civil rights class action—or involved in litigation seeking a preliminary injunction which may precipitate interim appeals of rulings. 790 F.2d at 288. A judge's heightened involvement in such situations strongly militates against empowering that judge to influence, if not control, a party's decision to appeal an adverse ruling by that judge. *Id.*

Debtor should have brought his second Rule 9011 motion in the District Court, which obviously is in a far better position than are we to evaluate the frivolity of the motion. Although the District Court has no authority under FED.R.CIV.P. 11 to consider such a motion, it has such authority under Rule 9011. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363-64 (9th Cir.1994); *Roete v. Smith (In re Roete)*, 936 F.2d 963, 967 (7th Cir.1991).

We conclude in light of the foregoing that we have no authority to consider debtor's second Rule 9011 motion and therefore must deny it.

An appropriate order shall issue.

### *ORDER OF COURT*

**AND NOW**, this **9th** day of **January**, 2001, in accordance with the foregoing memorandum opinion, it hereby is **ORDERED, ADJUDGED**, and **DECREED** that the second motion for sanctions pursuant to Rule 9011(b) brought by debtor Darryll W. Sommers be and hereby is **DENIED.**

It is **SO ORDERED.**