**In re Mark BREWER and Marlene Brewer, Debtors.**

**Mark Brewer and Marlene Brewer, Plaintiffs,**

**v.**

**QC Financial Services, Inc., Defendant.**

**Bankruptcy No. 03–33181.**
**Adversary No. 03–2532.**

United States Bankruptcy Court,
E.D. Wisconsin.

Aug. 26, 2004.

Michael J. Watton, Milwaukee, WI, for Plaintiff or Petitioner.

Lynne Mueller, Brookfield, WI, for Defendant or Respondent.

MEMORANDUM DECISION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MARGARET DEE MCGARITY, Chief Judge.

The debtors filed a chapter 13 bankruptcy petition on August 29, 2003. They then

filed this adversary complaint on October 15, 2003, seeking damages for the defendant's alleged intentional violation of the automatic stay. After the parties engaged in various discovery disputes, the defendant filed the subject motion for summary judgment and requested dismissal of the debtors' claim because it failed to state a cause of action under applicable law. This court rendered an oral ruling on August 19, 2004.

This court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (O). This decision constitutes the court's findings of fact and conclusions of law under Fed. R. Bankr.P. 7052.

## BACKGROUND

The facts that gave rise to this controversy are all too common in today's consumer marketplace. Prior to filing the bankruptcy petition, the debtor/husband incurred a short-term loan from the defendant/creditor for $350 (debtors' brief states the original amount was $325, an irrelevant discrepancy). The loan was apparently rolled over several times, and the last agreement was signed on August 19, 2003. Pursuant to that agreement, the debtor/husband agreed to pay $390 (APR 541.23%) and gave the creditor a check dated September 2, 2003. The debtors then filed their bankruptcy petition on August 29, 2003. Whether an agent of the creditor was informed of or had actual notice of the filing before submitting the check for payment is not determined at this time, nor is it necessary to do so for the reasons discussed below. In any event, the creditor presented the check for payment on September 2, 2003, and the debtors' bank honored the check on September 3, 2003.

The debtors listed the creditor (actually, it took a few tries to get the corporate name right, but notice has not been an issue) on their bankruptcy schedules and claimed recovery of the $390 as exempt. Because the case is under chapter 13, the debtors retained the right to pursue the avoidable post-petition transfer. 11 U.S.C. §§ 549, 522(h). Informal attempts to collect from the defendant did not bear fruit. Indeed, the defendant's answer admits that the creditor's agent told debtors' counsel that the creditor had no intention of returning the funds. The debtors then commenced this adversary proceeding to recover the transfer and to impose sanctions, including actual costs and punitive damages, for willful violation of the automatic stay. The debtors have also moved to amend the complaint to allege a class action for wrongful collection of post-dated checks after a bankruptcy petition is filed, and to allow discovery with respect to institutional practices in this regard. The latter issue is left for another day and is not addressed by this decision.

The creditor moved for summary judgment on the issue of whether its presentment of the check after the bankruptcy was filed was protected as an exception to the automatic stay under 11 U.S.C. § 362(b)(11). For the purpose of deciding the legal issue addressed in this motion only, it acknowledged that the court may presume that it had notice of the bankruptcy filing before presentment. Therefore, material facts are not in dispute with respect to the specific issue addressed by this decision. The debtors assert that even though presentment of the check may be an exception to the automatic stay, negotiation of the check resulting in receipt of the funds from the debtors' bank is not. The debtors also allege that numerous demands were made for release of the funds to the debtors, and the creditor only offered to do so after this adversary proceeding was commenced. Therefore,

the debtors argue that substantial sanctions are in order.

For the reasons stated below, the defendant's motion for summary judgment is granted in part and denied in part, and further proceedings have been scheduled to determine whether sanctions are warranted for violation of the automatic stay after receipt of the debtors' funds by the creditor.

## DECISION

■ Section 362(b)(11) provides the filing of a petition "does not operate as a stay under subsection (a) of this section, of the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument." 11 U.S.C. § 362(b)(11).

Checks are negotiable instruments. Wis. Stats. § 403.104. " 'Presentment' means a demand made by or on behalf of a person entitled to enforce an instrument to ... pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank." Wis. Stats. § 403.501. The person entitled to enforce the negotiable instrument is the holder of the instrument. Wis. Stats. § 403.301.

Thus, the defendant made presentment of the instrument pursuant to Wisconsin law and § 362(b)(11), by making demand on the debtors' bank to pay the check. Such action did not violate the automatic stay. 11 U.S.C. § 362(b)(11); *see In re Thomas*, 311 B.R. 75 (Bankr.W.D.Mo.2004) (similar Missouri law applied).

Section 362(b)(11) is limited to presentment of the instrument; it does not authorize enforcement against the debtor. *In re Mills*, 176 B.R. 924, 925 (D.Kan. 1994). However, the debtors argue that receipt of the funds, i.e., the compliance by

the bank with the presentment, was itself a violation of the stay by the creditor that received the funds. The statute only protects presentment and dishonor, not presentment and payment.

The court holds that this is not a proper interpretation of 11 U.S.C. § 362(b)(11), at least with respect to the presenter who receives the funds. Even though turning over estate property to the creditor may have been a violation of the stay by the bank, which is not at issue here, receipt by the creditor is not a per se violation. In other words, if presentment is an exception to the automatic stay, it is only logical that the creditor is similarly protected when another acts to honor the presentment. Logistically, any other interpretation would be extremely impractical. First, the creditor presents the check, which is authorized by 11 U.S.C. § 362(b)(11). Then, as it is being honored by the debtors' bank, the creditor would have to withdraw the presentment (wait— wasn't that presentment legal?) before the debtors' bank transmits the funds. To do this, the creditor would have to know when the funds are being wired to its account, or perhaps to an account in an intermediate corresponding bank, all of which is an unreasonable expectation in light of the sophisticated electronic pathways traveled by today's money. Alternatively, the creditor could present the check but instruct the bank to dishonor the check, because dishonor is also allowed by 11 U.S.C. § 362(b)(11). But those instructions would be contrary to a legal presentment, and the bank is probably prohibited from dishonoring the check that is otherwise valid.

Finally, case law dealing with similar facts has addressed whether the creditor must turn over the funds, not its receipt of the property after lawful presentment of a negotiable instrument. *See, e.g., In re Thomas*, 311 B.R. 75, 79–80 (Bankr.

W.D.Mo.2004). The Seventh Circuit's decision in *In re Roete*, 936 F.2d 963 (7th Cir.1991), is not instructive as the check in that case was dishonored. The Supreme Court's decision in *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), also is not helpful because the bank froze the debtor's account without violating the automatic stay to preserve its setoff rights, and setoff rights are not present here. There is simply no support for the debtors' position that the creditor violated the stay by presenting the debtors' check and receiving the funds after it is honored by the debtors' bank, regardless of whether the creditor knew of the bankruptcy. The defendant is granted summary judgment with respect to this issue.

■ Nevertheless, the question remains: Was the defendant's alleged continued refusal to turn over the funds when requested by debtors' counsel a violation of the automatic stay? According to Colliers, "the failure of an entity in possession of estate property to turn over the property to the trustee would be a violation of section 362(a)(3) except as may otherwise be provided in section 542." Collier on Bankruptcy ¶ 362.03[5] (citing *In re Knaus*, 889 F.2d 773 (8th Cir.1989) (holding refusal to turn over property seized prepetition constituted violation of stay once notice of the stay had been given)); *see also In re Metromedia Fiber Network, Inc.*, 290 B.R. 487 (Bankr.S.D.N.Y.2003) (holding secured creditor's refusal to turn over property of debtor's estate to debtor upon demand constituted an "exercise of control" over such property in violation of automatic stay); *In re Boscia*, 237 B.R. 184 (Bankr. M.D.Fla.1998) (holding creditor willfully violated the automatic stay in refusing, after notified of debtors' bankruptcy filing, to turn over debtors' funds in his possession). This is a question of fact requiring an evidentiary hearing, which has been scheduled. Summary judgment is denied with respect to this issue.

Although it appears that the debtors are entitled to return of the $390, this was not part of the defendant's motion, nor was there a motion by the plaintiffs, so this matter will not be dealt with at this time. *Cf. In re Thomas*, 311 B.R. 75, 79–80 (Bankr.W.D.Mo.2004).

Defendant's counsel will prepare the appropriate order.