**Thaine Alan MAHANNA and Lisa Renee Mahanna, Appellants,**

v.

**Deborah A. BYNUM, United States Trustee, Appellee.**

No. A–11–CA–815–SS.

United States District Court, W.D. Texas, Austin Division.

Nov. 28, 2011.

Alexander B. Wathen, Wathen & Associates, Houston, TX, for Appellants.

Deborah A. Bynum, DOJ–Office of the U.S. Trustee, Austin, TX, pro se.

## ORDER

SAM SPARKS, District Judge.

BE IT REMEMBERED on the 18th day of November 2011, the Court held a hearing in the above-styled cause to consider Appellants Thaine Alan Mahanna and Lisa Renee Mahanna's appeal of the order of the United States Bankruptcy Court for the Western District of Texas,

specifically the June 28, 2011 order dismissing the bankruptcy case without prejudice. At oral argument before this Court, all parties were represented by counsel. After considering the arguments of counsel at the hearing, the parties' briefs, the appellate record, the case file as a whole, and the applicable law, the Court enters the following opinion and order.

## Background

The Mahannas owned and operated a Sears franchise in Colorado. Unfortunately, their business fell victim to the ailing economy. They moved to Texas, and shortly thereafter filed for Chapter 13 bankruptcy. Shortly thereafter, the Chapter 13 Trustee moved for dismissal, citing the Mahannas' failure to make the $250.00 monthly payment under their Chapter 13 plan. The Chapter 13 Trustee also noted the numerous reasons Chapter 13 relief was improper, including lack of plan feasibility, noncompliance with 11 U.S.C. § 1325(a)(4), debts exceeding the limit for Chapter 13 imposed by § 109(e), and a failure by the Mahannas to provide the Trustee with information required by § 1325. The Bankruptcy Court agreed the Mahannas could not continued under Chapter 13, and directed them to choose between converting to Chapter 11 or Chapter 7. They elected Chapter 11.

Over the course of the proceedings under Chapter 11, they failed on several occasions to comply with their obligations both as bankruptcy petitioners and as debtors-in-possession. First, they only paid the Chapter 11 filing fee after the Bankruptcy Court issued a show-cause order. Second, they failed to complete the venue section of the bankruptcy petition. Third, Ms. Mahanna did not appear at the first creditor's meeting. Fourth, they again repeatedly failed to provide accurate and complete information in their bankruptcy schedules and monthly operating reports. Fifth, they failed to open a separate bank account for the estate.

The Chapter 11 Trustee moved to either convert to Chapter 7, or to dismiss under § 1112(b) for cause, citing the above problems, and also arguing: (1) numerous notices to creditors were returned to sender for having the wrong address, calling into doubt whether the Mahannas provided accurate addresses for their creditors, and (2) there were no assets for a Chapter 7 trustee to administer, so converting the case to Chapter 7 would not benefit the creditors. The Mahannas do not dispute any of the Trustee's asserted causes for dismissal, save the returned notices, as discussed below.

The Bankruptcy Court dismissed the case without prejudice, citing the various failures by the Mahannas, and the fact that the case was nine-months old, with only halting progress occurring when other parties forced the Mahannas to comply with their bankruptcy obligations. The bankruptcy judge also noted there was essentially no estate for a Chapter 7 trustee to manage. Finally, he observed the Mahannas could have converted to Chapter 7 at any time prior to the Trustee's motion to dismiss, but had not done so.

## Issues on Appeal

The Mahannas essentially raise three issues on appeal: (1) whether there is an absolute right to convert a Chapter 11 case to Chapter 7 under § 1112(a), even when a motion to dismiss is pending; (2) whether their due process rights were violated because they did not have prior notice of the returned letters issue; and (3) whether the dismissal order is not final in light of the Supreme Court's holding in *Stern v. Marshall*, —— U.S. ——, 131 S.Ct. 2594, 180

L.Ed.2d 475 (2011).[1]

The Court reviews bankruptcy court rulings and decisions on appeal under a de novo standard for both conclusions of law and mixed questions of fact and law. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir.2000). Findings of fact, however, are reviewed for clear error. *Id.*

■ The Court can discern no error in the Bankruptcy Court's implied factual findings to support dismissal for cause under 11 U.S.C. § 1112(b)(1). And the Court concludes as a matter of law the Bankruptcy Court's order dismissing the case should be affirmed. The Mahannas failed to meet their filing obligations as debtors in bankruptcy, thus meriting dismissal under § 1112(b)(1), (4)(F). They also failed to attend meetings and provide information timely as requested by the Trustee. *See id.* § 1112(b)(4)(G), (H). The Court now turns to the Mahannas' particular issues.

### 1. Absolute Right to Conversion

■ The Mahannas assert the right to convert from Chapter 11 to Chapter 7 is absolute. Their sole authority for this proposition is the following: "A debtor has the absolute right to convert his or her Chapter 11 case to a Chapter 7 case...." *In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1161 (5th. Cir.1988). However, this sentence is dicta: it " 'could have been deleted

without seriously impairing the analytical foundations of the holding—[and], being peripheral, may not have received the full and careful consideration of the court that uttered it.' " *In re Cajun Elec. Power Coop., Inc.*, 109 F.3d 248, 256 (5th Cir. 1997) (quoting *Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1084 (7th Cir.1986)). *Texas Extrusion* actually considered whether a bankruptcy court, after the debtor converts a case to Chapter 7, can convert the case back to Chapter 11 upon motion of a party-in-interest. *Id.* Indeed, the Circuit held a debtor "does not have the right to *keep* the case in Chapter 7," and upheld the bankruptcy court's decision to convert the case back to Chapter 11. *Id.* (emphasis added). The Circuit explained further: "These decisions to convert are within the discretionary powers of the bankruptcy court based on the court's determination of what will most inure to the benefit of all parties in interest." *Id.* In any event, *Texas Extrusion* did not actually hold a debtor's right to convert to Chapter 7 is absolute, notwithstanding the sweeping sentence quoted by the Mahannas.

Nor does the language of the statute support the Mahannas' interpretation. Section 1112(a) provides: "The debtor may convert a case under this chapter to a case under chapter 7 of this title...." 11 U.S.C. § 1112(a). The phrase "may" is permissive, and there is no language in § 1112(a)

---

1. The Mahannas list five "issues" at the outset of their brief:

   1. Whether there is an absolute right to convert a Chapter 11 case under Section 1112(a) if the requirements are met to Chapter 7 when a motion to dismiss is pending.
   2. Whether a debtor is entitled to advance notice and an opportunity to respond and proceduce [sic] evidence when the U.S. Trustee brings up a new ground for dismissal at the dismissal hearing without giving advance notice to Debtor.

   3. Whether it was appropriate to dismiss the case under the circumstances.
   4. Whether a Bankruptcy Court can enter a final judgment under Section 157 of Title 28 and whether a motion to dismiss is a core proceeding.
   5. Whether a Bankruptcy Court can enter a final judgment under Stern v. Marshall. Appellant's Br. [# 3] at 7. However, Issue Three receives no separate discussion in their brief, and Issues Four and Five are essentially the same argument restated, so the Court addresses them together below.

*requiring* a bankruptcy court to convert the case when a motion to dismiss is pending. *See Monroe Bank & Trust v. Pinnock,* 349 B.R. 493, 496–97 (E.D.Mich. 2006) (reversing bankruptcy court for holding that § 1112(a) confers an absolute right to convert as contrary to the plain language of the statute).

By contrast, other sections of Title 11 evidence congressional intent to make a debtor's right to convert from one chapter to another either absolute, or at least less subject to judicial discretion. Specifically, the corresponding section of Chapter 13 mandates conversion or dismissal upon request of the debtor. *See id.* § 1307(a) ("The debtor may convert a case under this chapter to a case under chapter 7 of this title *at any time.*") (emphasis added); *id.* § 1307(b) ("On request of the debtor at any time . . . the court *shall* dismiss a case under this chapter.") (emphasis added). Similarly, a debtor under Chapter 7 can, with certain exceptions, convert to Chapters 11, 12, or 13 "at any time." *Id.* § 706(a) ("The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time. . . ."); *see also Pequeno v. Schmidt,* 307 B.R. 568, 579 (S.D.Tex.2004) (holding debtor had absolute right to convert under § 706(a)).

■ Alternatively, the Bankruptcy Court could have allowed conversion to Chapter 7, and then entertained dismissal under that chapter. Chapter 7 authorizes dismissal "after notice and hearing and only for cause," including "unreasonable delay by the debtor that is prejudicial to creditors." *Id.* § 707(a)(1). Here, there was a detailed hearing on dismissal, and, as discussed above, the record shows as a matter of law the Mahannas engaged in unreasonable delay, and this prejudiced their creditors by interposing the automatic stay for long months in which the Mahannas were failing to meet their obli-

gations as bankruptcy petitioners. Therefore, the Bankruptcy Court could have granted the Mahannas' motion to convert, and then promptly dismissed under § 707. *Cf. In re Tex. Extrusion,* 844 F.2d at 1161 (upholding bankruptcy court's order reconverting a case back to Chapter 11, one week after the debtor converted it to Chapter 7 under § 706). Therefore, in the alternative, the Court finds any error by the Bankruptcy Court on this point was harmless.

### 2. Due Process: the Returned Creditors' Notices

■ The Mahannas argue they were "ambushed" at the hearing when the Trustee raised for the first time the issue of numerous notices to creditors which were returned to sender due to apparently inaccurate addresses. They claim any reliance on this point by the Bankruptcy Court was reversible error, because they had no notice or opportunity to present a defense, and so were denied due process. However, the record shows multiple other causes for dismissal, therefore any error on this point is harmless. Moreover, the Mahannas have failed to demonstrate any prejudice to them on this point: the only defense they propose is that winter weather often renders mail service in the Colorado town they formerly resided in "sporadic," and mail is thus often erroneously returned as undeliverable. But this does not negate the Trustee's assertion, made as an officer of the court, that numerous notices were returned undelivered.

Alternatively, careful reading of the hearing transcript makes clear the Bankruptcy Court relied on the notice issue not as a cause for dismissal, but as an equitable consideration in weighing whether dismissal was in the best interests of the interested parties. Particularly, regardless of whether the Mahannas, mother na-

ture, or the postal service were at fault in the failure to deliver the creditors' notices, the fact was numerous creditors were not noticed. The Bankruptcy Court noted the Mahannas had few or no nonexempt assets, so their petition could safely be dismissed with no danger to them, allowing them to get their affairs in order, reconsider whether they had need of bankruptcy, and then re-petition for bankruptcy if needed, making sure to give proper notice at that time.

### 3. *Stern v. Marshall*

The Mahannas assert the Bankruptcy Court's dismissal order was not a core proceeding under the Title 11, and thus is subject to de novo review before this Court under *Stern.* The Trustee argues (1) the Mahannas waived this argument by not listing it in their statement of issues on appeal, which only addressed the absolute right to conversion and the due process issues, and (2) even if it is not waived, dismissal of a bankruptcy petition is a core bankruptcy issue, and thus remains properly a subject for a final bankruptcy order. The Court agrees the Mahannas waived this argument, but will nevertheless address its merits briefly.

■ The Mahannas interpret dismissal as "non-core" based on a statutory interpretation of 28 U.S.C. § 157(b)(2), which does not specifically list "dismissal" among the various types of "core" proceedings. The Trustee correctly notes the list of core proceedings in § 157(b)(2) is illustrative, not exclusive. 28 U.S.C. § 157(b)(2) ("Core proceedings include, but are not limited to...."). Furthermore, § 157(b)(1) authorizes bankruptcy courts to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, ... and ... enter appropriate orders and judgments." *Id.* § 157(b)(1).

The Mahannas' brief is confusing on this point, but the Court cannot fathom how a straightforward dismissal of a bankruptcy petition even arguably would not constitute a core proceeding. In particular, § 157(b)(1) provides a bankruptcy court can "determine" such cases, and enter "appropriate orders and judgments." *Id.* Dismissal of a bankruptcy petition is a "determination" of a case under Title 11, and is equally an "appropriate" order and judgment in a Title 11 case. As such, the Mahannas' argument on this point is frivolous.

*Stern* considered a very different issue, specifically, whether a bankruptcy court could issue a final order regarding a state-law counter-claim based on allegations of tortious interference with an inheritance. *See Stern v. Marshall,* —— U.S. ——, 131 S.Ct. 2594, 2604, 180 L.Ed.2d 475 (2011) Here, by contrast, the dismissal disposed of the bankruptcy case, which was clearly a case arising under or in Title 11, and thus remained a "core" proceeding as contemplated by the Supreme Court in *Stern. See id.* at 2603–05, 131 S.Ct. 2594. And *Stern* did not destroy all finality in bankruptcy courts, it simply held § 157(b)(2)(C) was unconstitutional to the extent it swept counterclaims not arising in or under Title 11 into the category of "core" proceedings. *See id.* at 2620, 131 S.Ct. 2594 ("We conclude today that Congress, in one isolated respect, exceeded that limitation in the Bankruptcy Act of 1984. The Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim.").

In conclusion, none of the issues for appeal raised by the Mahannas have any merit, and the Court therefore AFFIRMS the Bankruptcy Court's order dismissing their case.

**Frivolous Appeal**

■ Having concluded this appeal is entirely frivolous, and constitutes an unjustifiable waste of judicial resources, the Court considers whether sanctions are merited. The Fifth Circuit has held "that a district court has the power to impose sanctions for a frivolous bankruptcy appeal based upon either the inherent power of the judiciary or the statutory authority of 28 U.S.C. § 1927." *In re Sherk,* 918 F.2d 1170, 1178 (5th Cir.1990), *abrogated on other grounds, Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). This Court has accordingly imposed sanctions for frivolous bankruptcy appeals in the past. *See Tips Iron & Steel Co. v. Arthur Andersen, L.L.P.,* No. A–01–CA–137–SS (W.D.Tex. May 7, 2001), *aff'd,* 31 Fed.Appx. 838 (5th Cir.2002) (per curiam) (unpublished). In the alternative, other Circuits have held district courts have authority to impose sanctions for frivolous bankruptcy appeals under Rule 9011 of the Federal Rules of Bankruptcy Procedure, which allows sanctions against a party or its counsel for frivolous arguments or arguments not warranted by law. *See, e.g., Hedges v. Resolution Trust Corp.,* 32 F.3d 1360, 1364 (9th Cir.1994); *In re Roete,* 936 F.2d 963, 967 (7th Cir.1991). For all the reasons noted above, the Court finds the appeal in this case is frivolous, harassing, and not warranted by the law or by the facts of this case.

The Court cannot help but conclude the Mahannas' primary motivation in filing this appeal—from an order dismissing *without prejudice*—must be to avoid the filing fee associated with bringing a new petition under Chapter 7. Indeed, the Mahannas exhibited a pattern of recalcitrance in paying their Chapter 11 fee. The Bankruptcy Court was forced to issue a show-cause order because of nonpayment. *In re*

*Mahanna,* No. 10–12679–cag (# 45) (Mar. 29, 2011). The Bankruptcy Court also twice denied motions by the Mahannas to either pay their Chapter 11 conversion fee in installments, or to have the fee paid from the bankruptcy estate. *See In re Mahanna,* No. 10–12679–cag (# 43) (Mar. 28, 2011) ("The Court will not allow statutory fees to be paid from Chapter 13 estate funds in the possession of the Trustee."); *In re Mahanna,* No. 10–12679–cag (# 41) (Mar. 16, 2011) (order denying motion to pay conversion fee in installments).

Therefore, it is appropriate to sanction the Mahannas and their counsel (1) $306.00, which the Court is advised is the Chapter 7 filing fee, and (2) $500.00 in attorney's fees, the latter to be paid to the Trustee for having to defend this frivolous appeal.

Accordingly:

IT IS ORDERED that the judgment of the Bankruptcy Court is AFFIRMED;

IT IS FURTHER ORDERED that the Mahannas and their counsel shall pay THREE HUNDRED AND SIX DOLLARS ($306.00) in sanctions to the Court, for which let execution issue;

IT IS FINALLY ORDERED that the Mahannas and their counsel shall pay FIVE HUNDRED DOLLARS ($500.00) in attorney's fees to the Trustee, for which let execution issue.